[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2006
THOMAS K. KAHN
CLERK

No. 04-15193
_____

D. C. Docket No. 03-00048-CR-T-27MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNEY QUINONEZ DE LA CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(March 27, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Defendant Ferney Quinonez de la Cruz was apprehended by the United

States Coast Guard while aboard a go-fast vessel traveling in international waters

in the Eastern Pacific Ocean.  More than 1800 kilograms of cocaine were seized

from the vessel and the surrounding waters.[1]  Defendant pleaded guilty to charges

of conspiracy to possess with intent to distribute and of possession with intent to

distribute five kilograms or more of cocaine while aboard a vessel subject to the

jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903 and 21

U.S.C. § 960.  He was sentenced to 63 months imprisonment.

Defendant appeals from the district court's denial of his motion to dismiss

for lack of jurisdiction.  Defendant contends that the go-fast vessel was not subject

to United States jurisdiction as a "vessel without nationality" under section 1903.

Defendant further contends that the district court erred when it refused to adjust

his sentence downward for his asserted "minor role" in the offenses.  We now

affirm the district court.

The Maritime Drug Law Enforcement Act subjects "vessels without

nationality" to United States jurisdiction.  46 U.S.C. App. § 1903(c)(1)(A).

Vessels without nationality include "any vessel aboard which the master or person

in charge fails, upon request of an officer of the United States empowered to

enforce applicable provisions of United States law, to make a claim of nationality

---

[1]The crew of the go-fast vessel was observed throwing bails of cocaine overboard while attempting to evade a pursuing Coast Guard helicopter.

or registry for that vessel." Id. at § 1903(c)(2)(B).  A claim of nationality or registry means flying its nation's flag, possessing and producing documents evidencing the vessel's registry, or a verbal claim of nationality by the master or person in charge of the vessel.  Id. at § 1903(c)(3).

The vessel in question flew no flag, carried no registration paperwork, and bore no markings indicating its nationality. When questioned, the crew made no claims about the boat's nationality or registry.  And, despite repeated questioning, the vessel's captain concealed himself among the crew and failed to identify himself or the vessel's nationality.

We conclude that this vessel was one without nationality that was subject to United States jurisdiction under section 1903.  See United States v. Cuevas-Esquivel, 905 F.2d 510, 514 (1st Cir. 1990) (concluding that vessel was one without nationality and subject to United States jurisdiction when "no one identified himself as the master or person in charge, and the vessel had no name, no flag, or other identifying characteristics").

We further conclude that the district court did not commit clear error when it denied Defendant's request for a minor-role reduction in his sentence.  See United States v. Rodriguez De Varon, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc) (prescribing clear error standard for reviewing court's determination of

3

defendant's role in offense). The sentencing guidelines suggest a downward adjustment for a minor participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) & cmt. n.5 (2004). The district court considered the amount and value of the drugs as well as Defendant's conduct and determined that Defendant was "not substantially less culpable than the other participants."

Despite bearing the burden to prove his mitigating role in the offense, Rodriguez De Varon, 175 F.3d at 939, Defendant produced no evidence to support his reduction request. The government, in contrast, produced evidence indicating that Defendant was paid for his efforts and that he had participated in prior maritime smuggling operations. Upon this record, we cannot conclude that the district court clearly erred in refusing a minor-role reduction.

For the foregoing reasons, the district court's judgment is

AFFIRMED.