[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13368
Non-Argument Calendar
_____

D. C. Docket No. 04-00483-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO ARIAS,
a.k.a. Edmundo Howard-Arias,
a.k.a. Eduardo Robinson-Newball,

Defendant-Appellant.

_____

No. 05-14987
Non-Argument Calendar
_____

D. C. Docket No. 04-00483-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NARSILO LOPEZ-MORENO,

                                        Defendant-Appellant.


_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(December 13, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Eduardo Arias and Narsilo Lopez-Moreno (the "defendants"), in a consolidated appeal, appeal their sentences for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903 and 21 U.S.C. § 960. On appeal, the defendants argue that the district court erred in denying their motion to dismiss the indictment for lack of jurisdiction, under 46 App. U.S.C. § 1903, and their motion for a continuance. Lopez-Moreno also argues that the district court erred in refusing to grant him a mitigating-role reduction, pursuant to U.S.S.G. § 3B1.2, for his limited role in the

2

offense.  Furthermore, Arias argues that the district court erred by imposing an unreasonable sentence, in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and by denying him a two-level acceptance-of-responsibility reduction, pursuant to U.S.S.G. § 3E1.1(a).  Finally, Arias argues that the government abused its discretion in filing an information alleging a prior felony conviction, pursuant to 21 U.S.C. § 851, and that the court erred in believing that prior conviction precluded it from using its post-Booker discretion to sentence Arias to a term of imprisonment below the 20-year statutory minimum sentence.

## I.  Subject-Matter Jurisdiction under 46 App. U.S.C. § 1903

"A defendant's unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings."  United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) (involving a defendant's right to a speedy trial) (quotation and alteration omitted).  We have concluded that the jurisdictional requirement of the Maritime Drug Law Enforcement Act ("MDLEA"), under 46 App. U.S.C. § 1903(a), is an issue that goes to the subject-matter jurisdiction of the federal courts.  United States v. Tinoco, 304 F.3d 1088, 1112 (11th Cir. 2002) (quotation and citation omitted).

Under the MDLEA, the government bears the burden of establishing that the statutory requirements of subject-matter jurisdiction have been met. Id. "We review de novo a district court's interpretation and application of statutory provisions that go to whether the court has subject-matter jurisdiction. The district court's factual findings with respect to jurisdiction, however, are reviewed for clear error." Id. at 1114 (quotation and citation omitted).

Under the MDLEA, "[i]t is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, . . . to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance." 46 App. U.S.C. § 1903(a). A vessel subject to the jurisdiction of the United States includes a vessel without nationality. 46 App. U.S.C. § 1903(c)(1)(A). A vessel without nationality includes:

> (B) any vessel aboard which the master or person in charge fails, upon request of an officer of the United States empowered to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; and

> (C) a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

46 App. U.S.C. § 1903(c)(2). "A claim of nationality or registry means flying its

nation's flag, possessing and producing documents evidencing the vessel's registry, or a verbal claim of nationality by the master or person in charge of the vessel." United States v. De La Cruz, 443 F.3d 830, 832 (11th Cir. 2006) (citing 46 App. U.S.C. § 1903(c)(3)). We have held that a vessel was one without nationality so that it was subject to United States jurisdiction under § 1903 where the vessel in question flew no flag, carried no registration paperwork, bore no markings indicating its nationality, the crew made no claims about the boat's nationality or registry upon questioning, and the captain hid among the crew and failed to identify himself. Id.

Because we have held that the jurisdictional requirement of the MDLEA is an issue that goes to the subject-matter jurisdiction of the federal courts, the defendants did not waive this issue by entering into unconditional guilty pleas. Tinoco, 304 F.3d at 1112, 1114; Tomeny, 144 F.3d at 751. Nevertheless, the court did not err in finding jurisdiction because the government's factual proffer at the plea hearing, to which the defendants did not object, was sufficient to establish jurisdiction, pursuant to 46 App. U.S.C. § 1903(c)(2)(B). Accordingly, we affirm as to this issue.

## II. Denial of a continuance

As discussed above, "[a] defendant's unconditional plea of guilty, made

5

knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." Pierre, 120 F.3d at 1155 (quotation and alteration omitted). A defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion only with the consent of the court and the government. Fed.R.Crim.P 11(a)(2). We have held that an unconditional guilty waives non-jurisdictional defects such as the right to a speedy trial, the right to inspect grand jury minutes, and the right to challenge the composition of the grand and petit juries. See Pierre, 120 F.3d at 1155-56; United States v. Tallant, 547 F.2d 1291, 1294 n.4, 1295 (5th Cir. 1977); Winters v. Cook, 466 F.2d 1393, 1394-95 (5th Cir. 1972). Moreover, the Tenth Circuit, in addressing this issue, held that in the absence of a conditional plea, a guilty plea waives an appellant's right to challenge a district court's denial of a request for a continuance. United States v. Lora-Solano, 330 F.3d 1288, 1295 (10th Cir. 2003).

A denial of a continuance is not an issue that brings into question our jurisdiction to review this appeal. Because the defendants entered unconditional pleas, as opposed to conditional pleas, they have waived their right to challenge this non-jurisdictional issue on appeal. Accordingly, we affirm as to this issue.

6

### III.  U.S.S.G. § 3B1.2 mitigating-role reduction (Lopez-Moreno only)

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence.  Id. at 939.  "In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings."  Id.  In determining the defendant's role in the offense, the "decision falls within the sound discretion of the trial court."  Id. at 945.  "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, . . . it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous."  Id.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by four points if it finds that the defendant was a "minimal participant" in the criminal activity.  U.S.S.G. § 3B1.2(a).  A defendant is a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group."  U.S.S.G. § 3B1.2, comment. (n.4).  The Sentencing Guidelines also

permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. Regarding the first prong, we have stated that "the district court must measure the defendant's role against the relevant conduct for which she has been held accountable." Id. (emphasis added). "In other words, the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. As for the relevant facts to be taken into consideration under the first prong of the De Varon test, we have noted that:

> [i]n the drug courier context, examples of some relevant factual
> considerations include: amount of drugs, fair market value of drugs,
> amount of money to be paid to the courier, equity interest in the drugs,
> role in planning the criminal scheme, and role in the distribution. This

> is not an exhaustive list, nor does it suggest that any one factor is more important than another.

Id. at 945.  Nonetheless, we have noted that "because the amount of drugs in a courier's possession – whether very large or very small – may be the best indication of the magnitude of the courier's participation in the criminal enterprise, [it does] not foreclose the possibility that amount of drugs may be dispositive – in and of itself – in the extreme case."  Id. at 943.

Regarding De Varon's second prong, we stated that "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct."  Id. at 944 (emphasis added).  If the district court chooses to assess the defendant's relevant culpability versus that of his fellow co-conspirators, it may only do so within certain parameters.  We have proscribed the district court's discretion, stating that:

> [f]irst, the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence. This is a fact-intensive inquiry. Second, the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant.  The conduct of participants in any larger criminal conspiracy is irrelevant. . . . Simply put, a defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct.

9

Id.

The district court did not clearly err in denying Lopez-Moreno a role reduction because (1) he was only held accountable for the quantity of drugs related to his role in the offense, (2) the quantity of drugs involved supported the court's finding that he was not a minor participant, and (3) he failed to produce any evidence in support of his mitigating role. See De Varon, 175 F.3d at 939, 941, 943. Accordingly, we affirm as to this issue.

## IV.  Booker Reasonableness (Arias only)

We review sentences imposed under the post-Booker advisory Guideline scheme for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); Booker, 543 U.S. at 260-63, 125 S.Ct. at 765-66 (holding that appellate court review sentences for unreasonableness in light of the § 3553(a) factors). Following the Booker decision, we have held that the district court must first correctly calculate the defendant's advisory Guideline range, and then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).

Moreover, our review for reasonableness is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We have stated that we "must

evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)," and that in evaluating a sentence for reasonableness, we recognize that "there is a range of reasonable sentences from which the district court may choose . . . ." Id. The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786; 18 U.S.C. § 3553(a).

In United States v. Scott, we held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences to indicate that it considered the factors. 426 F.3d 1324, 1329-30 (11th Cir. 2005). We held "that nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329.

In the instant case, the district court imposed a sentence that was reasonable. First, as discussed in Issue V, the district court correctly calculated the range. See

11

Crawford, 407 F.3d at 1178. Second, the district court's Guideline sentence of 300 months' imprisonment was within the Guideline range and did not exceed the statutory maximum sentence of life imprisonment. Third, the record reveals that the district court, in imposing the sentence, took into consideration the statutory factors such as Arias's history and characteristics, the seriousness of the offense, and the need for adequate deterrence. Although the district court did not explicitly discuss each statutory factor, it was not required to do so. See Scott, 426 F.3d at 1329. Fourth, the district court applied the Guidelines in an advisory manner. Accordingly, we affirm as to this issue.

## V.  U.S.S.G. § 3E1.1 acceptance-of-responsibility reduction (Arias only)

"This Court reviews the district court's determination of acceptance of responsibility only for clear error." United States v. Dodd, 111 F.3d 867, 870 (11th Cir. 1997). "A district court occupies the unique position to evaluate whether a defendant has accepted responsibility for his acts; its determination is entitled to great deference on appeal." United States v. Hromada, 49 F.3d 685, 689 (11th Cir. 1995).

Pursuant to U.S.S.G. § 3E1.1(a), defendant who clearly demonstrates acceptance of responsibility for his offense receives a two-level decrease in his offense level. In the determining whether the defendant has accepted

12

responsibility, the commentary to § 3E1.1 states in pertinent part that the court

should look to several considerations, including the following:

> (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility; . . .

> (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1, comment. (n.1). We have noted that a court can consider a wide

range of evidence in deciding whether an acceptance-of-responsibility reduction is

appropriate such as "the offender's recognition of the wrongfulness of his conduct,

his remorse for the harmful consequences of that conduct, and his willingness to

turn away from that conduct in the future." United States v. Scroggins, 880 F.2d

1204, 1215 (11th Cir. 1989).

The district court did not clearly err in finding that Arias had not met his

burden of clearly demonstrating his acceptance of responsibility. The record

supports the court's denial on the basis that Arias's plea was untimely. Arias only

13

agreed to plea after a jury had been selected and the government had expended considerable resources in preparing for trial, in part due to counsel's representation that Arias was proceeding to trial. More importantly, Arias, other than agreeing to the factual basis of the plea, did not put forth any evidence or testimony clearly demonstrating his acceptance-of-responsibility.

## VI. 21 U.S.C. § 851 prior-conviction enhancement (Arias only)

The interpretation of a statute is a question of law that is reviewed de novo. See United States v. Gray, 260 F.3d 1267, 1271 (11th Cir. 2001). Under 21 U.S.C. § 841(b), a person who has a prior conviction for a felony drug offense "shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment" upon being convicted of a subsequent felony drug offense. In seeking an enhanced penalty based on a prior conviction, the government must file an information listing the conviction before trial or the entry of a guilty plea. 21 U.S.C. § 851(a).

The government's decision to provide notice under § 851(a)(1) to one defendant, but not to another is "similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors." United States v. LeBonte, 520

14

U.S. 751, 761-62, 117 S.Ct. 1673, 1679, 137 L.Ed.2d 1001 (1997) (rejecting an argument that prosecutorial discretion under § 851 leads to unwanted sentencing disparity). We have noted that "under § 851 . . . prosecutors may file for enhanced sentences only in a limited and explicitly defined category of cases." United States v. Cespedes, 151 F.3d 1329, 1334 (11th Cir. 1998). Furthermore, we have concluded "that a defendant has no constitutional right to avoid the statutory enhancement, and therefore has no grounds upon which to challenge the delegation of discretion over when the government may seek the enhancement as long as the exercise of that discretion does not offend some other constitutional provision." Id. Finally, we have stated that post-Booker district court are still bound by the statutory minimum sentences. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).

First, there is no allegation or evidence that the government's filing of an § 851 information was based on any improper factor. Second, Arias's due process argument was foreclosed by the Supreme Court's LeBonte decision. 520 U.S. at 761-62, 117 S.Ct. at 1679. Lastly, Arias's argument that the district court post-Booker is not bound by the statutory minimum sentence was foreclosed by our decision in Shelton. 400 F.3d at 1333 n.10.

**Conclusion**

15

Upon review of the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm Arias's and Lopez-Moreno's convictions and sentences.

**AFFIRMED.**[1]

---

[1] Appellants' requests for oral argument are denied.