[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2007
THOMAS K. KAHN
CLERK

No. 06-13890
Non-Argument Calendar

_____

D. C. Docket No. 05-00539-CR-T-24TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIBERINO MENA-HIDALGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2007)

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Tiberino Mena-Hidalgo appeals his sentence of 204 months' imprisonment,

imposed after he pled guilty to possession with intent to distribute and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g) and (j), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. On appeal, Mena-Hidalgo argues that the court should have applied a minor-role reduction, asserting that he was merely "labeled as the captain" of the go-fast boat and that he and his codefendants all performed the same tasks. Specifically, he contends that the district court failed to consider that he had no role in planning the operation and that he had no interest in the drugs or in the amount of money paid to the couriers. Mena-Hidalgo also argues that his sentence of 204 months' imprisonment is unreasonable considering his criminal history, educational background, acceptance of responsibility, and cooperation with authorities. He further asserts that his sentence is unreasonable because it is substantially disparate from the sentences imposed upon his codefendants.

## I. Minor-Role Reduction

Pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory. Although the Guidelines are merely advisory,

2

a district court must calculate the advisory sentencing range correctly, and must consider it when determining a defendant's sentence.  United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).  Booker does not alter our previously established standards of review of the district court's interpretation of the Guidelines.  See id.  "This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."  United States v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The Sentencing Guidelines permit a court to decrease a defendant's offense level by two levels if it finds that the defendant was a "minor participant" in the criminal activity.  U.S.S.G § 3B1.2(b).

Section 3B1.2 permits an adjustment to the Guideline range for a defendant who is substantially less culpable than the average participant.  U.S.S.G. § 3B1.2, comment. (n.3).  A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal.  U.S.S.G. § 3B1.2, comment. (n.5).  In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct."  De Varon, 175 F.3d at 940.  However, "a

3

district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." Id. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

In looking at relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." DeVaron, 175 F.3d at 941. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944.

The district court can also assess a defendant's relative culpability vis-a-vis "other participants in the relevant conduct." The district court may only consider participants who are "identifiable or discernable from the evidence," and "who were involved in the relevant conduct attributed to the defendant." Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [the] role in the offense, since it is possible that none are minor . . . participants." Id.

The record indicates that Mena-Hidalgo acted as the captain of the go-fast boat and was accountable for directing the transportation of 1,200 kilograms of cocaine from Colombia to the Florida Keys. Mena-Hidalgo did not point to any evidence in the record that establishes that his responsibilities aboard the boat were less vital to the enterprise than those of the other crew members. See United States v. De La Cruz, 443 F.3d 830, 832 (11th Cir. 2006). Accordingly, the district court did not clearly err in determining that Mena-Hidalgo's relevant conduct did not warrant a minor-role reduction, and we affirm as to this issue.

## II. Reasonableness

We review a defendant's ultimate sentence, in its entirety, for unreasonableness in light of the factors in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). The factor in § 3553(a) that discusses disparity in sentencing provides, "The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Additional factors in § 3553(a) include: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

5

punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329. Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. Id. at 1329-30. We have held that "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

Here, the district court imposed a reasonable sentence because it considered the sentencing factors in § 3553(a) along with the parties' arguments and it correctly applied the Guidelines. See Crawford, 407 F.3d at 1178-79. The court specifically stated that it considered the level of Mena-Hidalgo's participation in the offense, along with the fact that he lied to the court about his involvement in other drug smuggling operations, in imposing a sentence of 204 months' imprisonment, at the high-end of the Guideline range. Mena-Hidalgo's argument that his sentence is unreasonable because it is substantially disparate from the

6

sentences of his codefendants is without merit.[1]  The record indicates that Mena-Hidalgo admitted that he was the captain of the go-fast boat, which resulted in a higher base offense level, and thus, a higher advisory sentencing range than his codefendants.  Moreover, Mena-Hidalgo did not receive the benefit of a U.S.S.G. § 5K1.1 motion to reduce his sentence, unlike other codefendants who gave substantial assistance to the government.  To the contrary, Mena-Hidalgo persisted in lying to the court about his participation in other drug trafficking operations, admitting his previous conduct only after the court heard testimony from a codefendant who also took part in those operations.  Accordingly, Mena-Hidalgo's sentence of 204 months' imprisonment within the Guideline range of 168 to 210 months is reasonable.  We affirm.

**AFFIRMED.**

---

[1] We decline to address whether the language of 18 U.S.C. § 3553(a)(6) refers to disparity among codefendants or nationwide because Mena-Hidalgo's argument fails under either interpretation.