[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2008
THOMAS K. KAHN
CLERK

No. 07-13942
Non-Argument Calendar

_____

D. C. Docket No. 06-00339-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR NAHIN MEDINA-GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 30, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Oscar Medina-Gutierrez appeals from his 188-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. Appx. § 1903(a),(g),(j), and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. Appx. § 1903(a),(g). Medina-Gutierrez argues that: (1) the district court erred in failing to apply a minor-role adjustment to his offense level; and (2) his 188-month total sentence is unreasonable. After thorough review, we affirm.

We review a district court's factual findings regarding the defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945 (emphasis omitted). We review the ultimate sentenced imposed by a district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

We find no merit to Medina-Gutierrez's argument that he was entitled to a minor-role reduction for his offense. The Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. In determining whether a minor role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines." De Varon, 175 F.3d at 940. First, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." Id. at 945. Relevant conduct is the "conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id.

Secondly, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id. at 945. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other

discernable participants." Id. at 944. Instead, "the district court must determine that the defendant was less culpable than most other participants in [the] relevant conduct." Id. at 944 (emphasis in original).

The defendant bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. Id. at 939. We do not require a district court "to make any specific findings other than the ultimate determination of the defendant's role in the offense." Id. at 940. Further, a "sentencing court's findings of fact may be based on undisputed statements in the PSI." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

Here, the district court did not clearly err in finding that Medina-Gutierrez was not entitled to a minor role reduction under U.S.S.G. § 3B1.2. As for the first prong of the De Varon analysis, the district court only held Medina-Gutierrez accountable for the drugs involved in the portion of the conspiracy in which he personally participated -- possession of the 1,590 kilograms of cocaine found on the vessel -- and not for the broader conspiracy. Additionally, the large quantity of drugs supported the denial of a minor role reduction. See DeVaron, 175 F.3d at 943 (the "amount of drugs is a relevant factor and . . . under some circumstances it may be dispositive"). Because the district court only held Medina-Gutierrez responsible for the amount of the drugs he was personally involved in smuggling, which we note was a significant

4

quantity, Medina-Gutierrez's relevant conduct was sufficient to support the district court's denial of his minor role reduction.[1]

Medina-Gutierrez's contention that his sentence is unreasonable likewise fails. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[2] If we conclude that the district court did not procedurally err, we must

---

[1] Because Medina-Gutierrez failed to carry his burden on the first prong, we need not reach the second De Varon prong, but nonetheless observe that this second principle would also defeat the award of a minor-role reduction. Medina-Gutierrez's conduct appears to have been equal to that of the other crew members, and he did not argue that his role was less than that of the other non-captain crew members. To the extent he argues that, unlike members of the broader conspiracy, he did not have an equity interest in the drugs, the conduct of others who were involved in the broader conspiracy -- the organizers or recruiters or those with an equity interest in the cocaine -- is irrelevant because he was not charged with a larger conspiracy to import or distribute drugs. See De Varon, 175 F.3d at 944. Moreover, Medina-Gutierrez's circumstances resemble those of the crew member in De La Cruz, who was properly denied a minor role reduction. See United States v. De La Cruz, 443 F.3d 830, 832 (11th Cir. 2006) (affirming the district court's denial of a minor role adjustment to a crew member of a go-fast boat transporting 1800 kilograms of cocaine).

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to

consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). However, "the district court need only acknowledge that it considered the § 3553(a) factors, and need not discuss each of these factors in either the sentencing hearing or in the sentencing order." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007) (internal quotation and punctuation omitted). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

In this case, the district court properly applied the Guidelines and did not commit any procedural errors. In light of its consideration of the Guidelines, § 3553's factors, and the record, the district court then imposed a substantively reasonable and low-end Guideline range sentence,[3] which it found to be "sufficient

protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[3] See Rita, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the Rita decision calls that policy into question).

6

but not greater than necessary to comply with the statutory purposes of sentencing."

Accordingly, we affirm Medina-Gutierrez's 188-month aggregate sentence.

**AFFIRMED**.