[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13278
_____

D.C. Docket No. 4:17-cr-10003-KMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO MARTINEZ MEDINA,
REGINALDO BONILLA ALEMAN,

Defendants–Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 28, 2019)

Before TJOFLAT, MARTIN, and PARKER,* Circuit Judges.

_____

*Honorable Barrington D. Parker, United States Circuit Judge for the Second Circuit, sitting by designation.

PER CURIAM:

Defendants-Appellants Mauricio Martinez Medina and Reginaldo Bonilla Aleman ("Appellants") appeal from the judgments of conviction in the District Court for the Southern District of Florida (Moore, C.J.). Following a jury trial, they were convicted of conspiracy to possess with intent to distribute and possession with intent to distribute more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States.

The facts at trial established the following. On May 10, 2016, the U.S. Coast Guard was patrolling the Eastern Pacific and observed a vessel with seven individuals onboard. After repeatedly asking the vessel to stop, the Coast Guard fired into the engines to stop the vessel. Individuals on the stalled vessel then threw approximately fifteen black packages into the water. The individuals then recovered six of the packages and brought them back on deck, at which point they set the vessel as well as the six packages on fire. The Coast Guard detained the individuals and recovered the nine packages that remained in the water. The packages contained 191 kilograms of cocaine.

At trial Appellants were convicted on both counts and their five co-defendants were acquitted. Medina was sentenced principally to 240 months' and

2

Aleman to 300 months' incarceration. Appellants raise several issues on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Appellants claim the District Court erred when it determined that their vessel was subject to U.S. jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503. We review a district court's exercise of jurisdiction under the MDLEA *de novo* and its factual findings for clear error. *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002). The MDLEA prohibits manufacturing, distributing, or possessing with intent to distribute drugs "on board" a "vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a), (e)(1). The MDLEA's definition of a "vessel subject to the jurisdiction of the United States" includes a "vessel without nationality." *Id*. § 70502(c)(1)(A). A vessel "without nationality" includes "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." *Id.* § 70502(d)(1)(B).

The District Court found that no crew member claimed to be the master of the vessel and that no crew member made a claim of nationality for the vessel.  In order to establish MDLEA jurisdiction, an officer of the United States must make a direct request for both the master and the individual in charge of the vessel to make a claim of nationality before the vessel can be deemed stateless. *See id.*

3

§ 70502(d)(1)(B); *United States v. Guerro*, ___ F. App'x ___, 2019 WL 4805150, at \*6 (11th Cir. Oct. 1, 2019). Here, a Coast Guard officer first asked all assembled crew members who was the master of the vessel and then, when none responded, asked if any crew member wished to make a claim of the nationality of the vessel. Since the entire crew was present, any individual who possessed the authority to make a claim of registry or nationality for the vessel was given the opportunity to do so at the request of a duly authorized officer. *See United States v. Prado*, 933 F.3d 121, 130 (2d Cir. 2019) ("It is only if 'on request' of a duly authorized officer, the master 'fails to make a claim of nationality or registry,' that statelessness is established." (alteration adopted) (citing § 70502(d)(1)(B))). Consequently, MDLEA jurisdiction was established. *See, e.g.*, *United States v. De La Cruz*, 443 F.3d 830, 832 (11th Cir. 2006) (per curiam).

**2.** Appellants next assert that the magistrate judge erred in denying their motion for a continuance of a pretrial hearing so they could subpoena a witness. Appellants sought to have the witness (a government agent) testify as to what he had written in a defense exhibit that had been received in evidence at the hearing. The magistrate judge denied the request, reasoning that the evidence would be cumulative because what the witness would say was already in evidence. We review such a denial for abuse of discretion and we see none. *United States v. Davis*, 854 F.3d 1276, 1294 (11th Cir. 2017). Denial of a continuance to locate a

4

witness is not an abuse of discretion where, as here, the testimony from that witness would be cumulative. *United States v. Rodriguez*, 454 F. App'x 812, 815 (11th Cir. 2012); *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991).

**3.** Appellants next contend that the evidence presented at trial was not sufficient to convict them. We review this contention *de novo* and "consider the evidence in the light most favorable to the Government." *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007). The government's evidence at trial established the following: Appellants' vessel was traveling at high speed and refused to stop after repeated requests from the Coast Guard and after three warning shots. After the vessel had been stopped, Appellants began to throw packages containing cocaine into the water. After throwing the packages into the water, one of the Appellants brought some of them back onto the vessel and promptly set the vessel as well as the packages on fire. Appellants claimed they were on a fishing trip, but government witnesses testified that no fishing gear was ever seen. Approximately 190 kilograms of cocaine were seized. These facts formed a sufficient basis for a reasonable juror to find Appellants guilty beyond a reasonable doubt.

**4.** Aleman additionally contends that a *Bruton* violation occurred when the District Court received into evidence an out-of-court statement from a co-defendant that incriminated him. We review for abuse of discretion and evaluate

5

any error for harmlessness beyond a reasonable doubt. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

"This Court has read *Bruton* to exclude only those statements by a non-testifying defendant which directly inculpate a co-defendant." *United States v. Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993). Here, the testimony given by Aleman's co-defendant did not violate *Bruton* because it did not "directly inculpate" Aleman. *Arias*, 984 F.2d at 1142.

**5.** Finally, Appellants contend they should not have been given a sentencing enhancement for obstruction of justice and that they should have received a minor-role reduction. The District Court properly concluded that Appellants attempted to obstruct justice by destroying or helping to destroy evidence. The court also properly concluded that Appellants played more than a minor role because Appellants and the other co-defendants were all apprehended together while transporting substantial quantities of cocaine, making them similarly culpable. We see no error in the sentence imposed by the District Court.

We have considered the Appellants' remaining contentions and conclude that they are without merit. The judgment of the District Court is **AFFIRMED.**