United States Court of Appeals,

Eleventh Circuit.

No. 95-9261.

UNITED STATES of America, Plaintiff-Appellee,

v.

Alberto CESPEDES, Defendant-Appellant.

Aug. 25, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-CR-50-1-WCO), William C. O'Kelley, Judge.

Before TJOFLAT, BIRCH and MARCUS*, Circuit Judges.

MARCUS, Circuit Judge:

Appellant Cespedes appeals from his conviction of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine. Only one of the issues that he raises on appeal merits any discussion: Cespedes asserts that 21 U.S.C. § 841 *et. seq.* is an unconstitutional delegation of legislative authority to the executive branch because it places in the hands of the prosecutor unbridled discretion to determine whether or not to file a sentencing enhancement pursuant to 21 U.S.C. § 851 without providing any "intelligible principle" to guide that discretion. We disagree and affirm.

I.

On July 19, 1995, Cespedes was convicted after trial by jury of one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute cocaine in

---

*Honorable Stanley Marcus was a U.S. District Judge for the Southern District of Florida sitting by designation as a member of this panel when this appeal was argued and taken under submission. On November 24, 1997, he took the oath of office as a United States Circuit Judge of the Eleventh Circuit.

violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. The Presentence Investigation Report for the Defendant concluded that the Defendant should be held accountable for the entire 10 kilograms of cocaine seized from a hidden compartment and, therefore, calculated Cespedes's base offense level at 32. Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851, notifying the court that Cespedes had a prior conviction for selling cocaine. Under the facts of this case, § 851 effectively provides for a ten-year sentence enhancement upon the filing of such an information. Cespedes objected to the government's filing of a ten-year enhancement, and, at the time of sentencing for the first time to attributing the full 10 kilograms to him. On October 5, 1995, at the time of sentencing, the district court first concluded that "10 kilograms is attributable to each of the defendants without equivocation," subjecting Cespedes to a mandatory minimum sentence of ten years under § 841. And then, pursuant to the Sentencing Reform Act of 1984 and the enhancement embodied in the government's information, the court sentenced Cespedes to concurrent terms of imprisonment of 240 months to be followed by ten years of supervised release. The district court further ordered the Defendant deported from the United States upon completing his prison term as a condition of supervised release.

## II.

The constitutionality of a statute is a question of law subject to *de novo* review. *See United States v. Trout,* 68 F.3d 1276 (11th Cir.1995), *cert. denied,* 516 U.S. 1153, 116 S.Ct. 1032, 134 L.Ed.2d 110 (1996). The central question raised on appeal is one of first impression in this Circuit.

Under 21 U.S.C. § 841(b)(1)(A), any person convicted of possession with intent to distribute more than 5 kilograms of cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." Furthermore, if the defendant "commits such a violation after

2

a prior conviction for a felony drug offense has become final, such person shall be sentenced to a

term of imprisonment which may not be less than 20 years and not more than life imprisonment."

*Id.* In order for the court to exercise jurisdiction to impose an enhanced sentence based on prior

convictions, however, the government must comply with the procedural requirements of Title 21

U.S.C. § 851:

> (a) Information filed by United States Attorney
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.
>
> (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.
>
> (b) Affirmation or denial of previous conviction
>
> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
>
> (c) Denial; written response; hearing
>
> (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include

3

in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

(d) Imposition of sentence

(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) Statute of limitations

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

Cespedes argues that § 851 affords prosecutors unbridled discretion to fix the statutory sentence, a legislative power. The government responds that the power that prosecutors exercise under § 851 is analogous to the executive branch's classic charging power. We agree.

4

"The Attorney General and United States Attorneys retain " "broad discretion" ' to enforce the Nation's criminal laws." *United States v. Armstrong,* 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)(quoting *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)(quoting *United States v. Goodwin,* 457 U.S. 368, 380 n. 11, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982))). "They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed.' " *Id.*(quoting U.S. Const. Art. II, § 3 & citing 28 U.S.C. §§ 516, 547). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Indeed, the federal courts have long recognized "that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder,* 442 U.S. 114, 123-24, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (citations omitted). Moreover, in selecting which charge to file, "[a] prosecutor may be influenced by the penalties available upon conviction." *United States v. Harden,* 37 F.3d 595, 599 (11th Cir.1994)(quoting *Batchelder,* 442 U.S. at 125, 99 S.Ct. 2198).

The Supreme Court has unambiguously upheld the prosecutor's ability to influence the sentence through the charging decision. In *United States v. Batchelder,* for example, the Court found that no improper delegation of legislative power to the executive results from prosecutorial discretion to charge a defendant with either one of two statutes with identical elements but differing maximum penalties:

5

The provisions at issue plainly demarcate the range of penalties that prosecutors and judges may seek and impose. In light of that specificity, the power that Congress has delegated to those officials is no broader than the authority they routinely exercise in enforcing the criminal law. Having informed the courts, prosecutors, and defendants of the permissible punishment alternatives available under each Title, Congress has fulfilled its duty.

442 U.S. 114, 126, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (citation omitted).

Plainly, a prosecutor's selection of which charge to file against a given defendant necessarily implicates the range of potential penalties available to the court. For example, when prosecuting an individual for a crime of violence or a drug trafficking crime, if the defendant used or carried a firearm during the crime, the prosecutor has absolute discretion over whether or not to charge him with a violation of 18 U.S.C. § 924(c)(1), which necessarily carries a five-year mandatory sentence to be served consecutively to that for the underlying crime. The power of the prosecutor in such a case to increase unilaterally the mandatory minimum sentencing exposure by charging the defendant under § 924(c)(1) is analogous to the power of a prosecutor under § 851 to increase a defendant's mandatory minimum sentence by filing an information. In fact, the very decision whether to prosecute under § 841(a)(1) rather than, for example, under § 843 (telephone count) necessarily carries with it profound sentencing implications. Thus, rather than delegating legislative power, § 851 affords prosecutors a power no greater than that traditionally exercised by the executive branch in the charging decision. Indeed, the Supreme Court has explicitly analogized prosecutorial discretion under § 851 to the charging power of the executive:

> Insofar as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors.

6

*United States v. LaBonte,* 520 U.S. 751, 117 S.Ct. 1673, 1679, 137 L.Ed.2d 1001 (1997) (citations

omitted)(rejecting argument that prosecutorial discretion under § 851 leads to unwanted disparity).[1]

Moreover, in a context falling outside of the prosecutor's charging power, we have also

upheld the power of the prosecutor to influence the sentence available to the court. We have found,

for example, that the sole discretion to initiate a request to reduce a sentence under section 5K1.1

of the Sentencing Guidelines and 18 U.S.C. § 3553(e) based on the "substantial assistance" provided

by the defendant properly rests with the government:

> Initially, we observe that the only authority "delegated" by the rule is the authority to move the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The authority to actually reduce a sentence remains vested in the district court, a delegation which [defendant] does not challenge. Moreover, although the term "substantial assistance" is not defined in the statute, the discretion of prosecutors is limited by considering the "substantial assistance" provision within the overall context of the Anti-Drug Abuse Act itself. *Cf. United States v. Gordon,* 580 F.2d 827 (5th Cir.1978), *cert. denied,* 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978). Finally, appellants' argument ignores Congress' plenary authority in all areas in which it has substantive legislative jurisdiction as long as exercise of that authority does not offend some other constitutional

---

[1]Even if the sentence enhancement provisions of § 851 were characterized as a delegation of legislative power, we would find that Congress had provided altogether intelligible principles to render the delegation constitutional. So long as Congress "lay[s] down by legislative act an intelligible principle" governing the exercise of delegated power, it has not unlawfully delegated its legislative power. *J.W. Hampton, Jr., & Co. v. United States,* 276 U.S. 394, 409, 48 S.Ct. 348, 72 L.Ed. 624 (1928)(quoted in *Touby v. United States,* 500 U.S. 160, 165, 111 S.Ct. 1752, 114 L.Ed.2d 219 (1991)). Sections 841 and 851 identify with specificity the type of defendant and the nature of crimes that are to be considered for sentencing enhancement purposes, and limit the choice of sentencing enhancement to a single decision of whether or not to seek the higher sentence by filing an information. These provisions provide a narrow window of opportunity for the government to seek a sentence enhancement and a limited formula for doing so, and they ensure that this opportunity is accompanied by multiple procedural safeguards for the defendant. Indeed, the provision is carefully designed to ensure that the defendant has the opportunity to review the allegations and consider the consequences of his decisions *prior* to trial, and the discretion conferred on the prosecutor does nothing to detract from the achievement of this legislative purpose. Since the statute provides definite boundaries on the discretion conferred on the executive branch and the discretion is carefully tailored to achieve the statutory purpose, any delegation of legislative power would be constitutional.

provision. *Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Appellants certainly have no constitutional right to the availability of the "substantial assistance" provision, and hence no grounds upon which to challenge Congress' manner of enacting it.

*United States v. Musser,* 856 F.2d 1484, 1487 (11th Cir.1988); *see also United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989)(finding prosecutorial discretion to move for sentence reduction under section 5K1.1 and § 3553(e) does not violate separation of powers doctrine); *United States v. Smith,* 953 F.2d 1060, 1065 (7th Cir.1992)(finding prosecutorial discretion to refrain from moving for a sentence reduction under section 5K1.1 to be "the back end of the decision to select a particular statute under which to prosecute"); *United States v. Huerta,* 878 F.2d 89 (2d Cir.1989)(finding no improper delegation of judicial power to executive in § 3553(e)); *United States v. Francois,* 889 F.2d 1341, 1344 (4th Cir.1989)(finding discretion to move for sentence reduction under section 5K1.1 properly lies with the government). Likewise, under § 851, the district court retains the final authority to reduce the sentence, and prosecutors may file for enhanced sentences only in a limited and explicitly defined category of cases. We add that a defendant has no constitutional right to avoid the statutory enhancement, and therefore has no grounds upon which to challenge the delegation of discretion over when the government may seek the enhancement as long as the exercise of that discretion does not offend some other constitutional provision. *Cf. Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).

Cespedes argues, nevertheless, that prosecutorial discretion under § 851 differs from the charging power (or the power to request a sentence reduction for "substantial assistance") because § 851 decision-making purportedly transfers to the executive the power to predetermine ultimate sanctions, while the more "traditional" charging power allows the judicial branch to retain control over the penalty ultimately assigned. Cespedes misapprehends the sentence enhancement process.

8

In § 841, Congress has fixed the statutory sentence, *mandating* a range of ten years to life for a first offense, and twenty years to life for a repeated violation. In filing an information about the defendant's prior convictions, a prosecutor simply alters the range of the final penalty available to the court by increasing the mandatory minimum sentence. Under the scheme created by § 851(b), the district court must then ask the defendant whether he affirms or denies his prior convictions.[2] If he denies any allegation of the information or challenges the constitutionality of any conviction alleged in the information, the court must hold a hearing on the matter. *See* 21 U.S.C. § 851(c). In sum, the district court may impose an enhanced sentence only after determining (1) that the prosecutor timely filed a proper information, (2) that the government served a copy of the information on the defendant or his counsel, and (3) that the defendant does not contest or failed to contest successfully the convictions in the information. The court then may select a sentence within the parameters set by Congress, ranging from ten years to life if the information is improper, or twenty years to life if it is valid. Thus, the filing of an information is in no sense a predetermination of the ultimate sanction by the prosecutor. In short, the power of the prosecutor under § 851 to increase the mandatory minimum sentence facing the defendant is no greater than the classic power of the executive to choose between charges carrying different mandatory penalties.

---

[2]Although the district court failed to so inquire of the Defendant at the sentencing hearing, Cespedes made no claim regarding this omission on appeal, nor could he do so since his prior conviction occurred more than five years before the date of the information. *See* 21 U.S.C. § 851(e). "A trial court is not required "to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information.' " *United States v. Weaver,* 905 F.2d 1466, 1482 (11th Cir.1990)(quoting *United States v. Nanez,* 694 F.2d 405, 413 (5th Cir.1982), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983)).

In sum, the statutory scheme does not improperly delegate legislative power to the executive, and, accordingly, the judgment of the district court must be, and is, AFFIRMED.