UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 01-4285

MORRIS MOODY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-281)

Argued: January 25, 2002

Decided: February 19, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Joseph William Kaestner, KAESTNER, PITNEY & JONES, P.C., Richmond, Virginia, for Appellant. Laura C. Marshall, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Kenneth E. Melson, United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Morris Moody was convicted of violating 21 U.S.C.A. § 841 (West 1999) and received an enhanced sentence, pursuant to 21 U.S.C.A. § 851 (West 1999), based on the Government's submission of proof of three prior convictions. Moody challenges this sentence enhancement, arguing that his prior convictions had to be set forth in the indictment and that § 851 impermissibly delegates Congressional authority to the Executive by allowing a prosecutor to alter the range of penalties for an offense committed in violation of § 841. For the reasons set forth below, we affirm.

I.

On July 7, 2000, Richmond police officer Kenneth Cornett executed a search warrant for a vehicle operated by Moody, a 21-year-old felon. The search warrant was obtained based on an informant's tip that Moody was transporting drugs and a firearm in the vehicle and on Cornett's surveillance of Moody in the days prior to the search. The search yielded a fully loaded Glock .40 caliber pistol and two boxes of ammunition. Officers then arrested Moody for unlawful possession and transported him to the police station, where Moody turned over, on threat of an impending body cavity search, 47 individually wrapped "rocks" of crack cocaine located on his person.

On August 21, 2000, a grand jury charged Moody in a five-count indictment with two drug counts, two firearm possession counts, and one forfeiture count. Moody entered a plea of not guilty, but waived his right to a jury trial. The Government then filed a notice of enhancement stating that, should Moody be convicted on any drug counts, it intended to seek an increased minimum sentence pursuant to § 851, based on Moody's prior felony drug convictions.

At the stipulated bench trial, the district court dismissed three counts against Moody, but found Moody guilty of the remaining two counts: possession with intent to distribute cocaine base in excess of five grams, in violation of § 841, and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000).

At sentencing, the Government, consistent with its pre-trial notice, sought an enhanced mandatory minimum penalty on the drug count based on Moody's prior felony drug convictions. The Government submitted proof of three prior drug convictions: a 1995 juvenile conviction for possession with intent to distribute cocaine, a 1998 conviction for possession with intent to distribute cocaine, and a 1998 conviction for heroin possession. Accordingly, the court sentenced Moody to the enhanced mandatory minimum sentence of 120 months, as set forth in § 841(b)(1)(B), on the drug count. The court also sentenced Moody to the maximum 120-month sentence on the felon-in-possession count, sentences to run concurrently, followed by supervised release.

## II.

Moody challenges the district court's decision to impose an enhanced statutory minimum sentence for violation of § 841 based on his prior felony drug convictions.

Moody first argues that a prior conviction is an element of the crime charged against him because it operated to increase the sentence to be imposed and, therefore, must be included in the indictment in order to be used as a basis for sentencing. However, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court specifically excepted prior convictions from its general rule. *See* 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).

The Supreme Court's earlier decision in *United States v. Jones*, 526 U.S. 227 (1999), and our decision in *United States v. Promise*, 255 F.3d 150 (2001) (en banc), both relied on by Moody, provide no escape from *Apprendi*'s exclusion of prior convictions from its man-

date. Rather, both *Jones* and *Promise* recognize that the requirement that sentencing "weight" factors be included in the indictment does not extend to "prior conviction[s]." *Jones*, 526 U.S. at 243 n.6; *Promise*, 255 F.3d at 155-56 (citation omitted). Accordingly, we must reject Moody's contention that his prior convictions could not be used as the basis for a sentencing enhancement if not set forth in the indictment.

As his second ground for challenging the sentence enhancement, Moody contends that Congress, in enacting § 851, unconstitutionally delegated its legislative authority to the Executive Branch by allowing a prosecutor to alter the range of penalties for an offense under 21 U.S.C.A. § 841. We review a determination as to constitutionality of a statute *de novo*. *See United States v. Mento*, 231 F.3d 912, 917 (4th Cir. 2000).

A defendant convicted of a drug felony in violation of 21 U.S.C.A. § 841(a), in excess of certain designated amounts set forth in § 841(b)(1)(B), "shall be sentenced to a term of imprisonment which may not be less than 10 years" if the defendant "commit[ted] such a violation after a prior conviction for a felony drug offense has become final." 21 U.S.C.A. § 841(b)(1)(B). Pursuant to § 851, entitled "Proceedings to establish prior convictions," a prosecutor may file an information identifying a defendant's prior convictions for purposes of seeking an enhanced sentence under § 841(b)(1)(B). *See* 21 U.S.C.A. § 851(a). The prosecutor must give notice before trial or before entry of a plea of guilty, however, that the Government will seek an enhanced mandatory minimum sentence based on such prior convictions. *Id.* Once notice has been given, a defendant has an opportunity to challenge the prior conviction before sentencing, unless the conviction occurred more than five years before the date of the information alleging such prior conviction. 21 U.S.C.A. § 851(b)-(c), (e). The court is then required to impose an enhanced sentence on the defendant either if the defendant fails to challenge the prior conviction or if the court determines "that the person is subject to increased punishment by reason of prior convictions." 21 U.S.C.A. § 851(d).

Moody asserts that § 851 must be interpreted, consistent with *Custis v. United States*, 511 U.S. 485 (1994), solely to provide a means

for defendants to collaterally attack their prior convictions before those convictions are used as a basis for imposing an enhanced sentence. According to Moody, any reading of § 851 that permits a prosecutor to use the statute to increase the range of punishment applicable to a drug offense committed in violation of § 841 constitutes an impermissible delegation of legislative authority to the prosecutor.

We reject Moody's argument and instead hold that a prosecutor's use of § 851 to obtain an enhanced sentence for a defendant convicted of violating § 841 accords with the language of both statutes and does not constitute an unconstitutional delegation of authority from the Legislative Branch to the Executive Branch. First, we note that Moody has acknowledged that his argument regarding the prosecutor's reach under § 851 is tethered to his earlier argument regarding the requirement that prior convictions be set forth in the indictment, namely that a prosecutor can serve notice of the intent to seek a sentence enhancement pursuant to § 851 only if the prior convictions have been alleged in the indictment. Because we have held that *Apprendi* forecloses the contention that the prior convictions be included in the indictment, we must likewise reject Moody's constitutional challenge to § 851.

In addition, Moody mistakenly relies on *Custis*, 511 U.S. 485, as support for his argument that § 851 should be read only as a vehicle for defendants to collaterally attack prior convictions used as a basis for sentencing. In *Custis*, the petitioner challenged an enhanced sentence imposed pursuant to the Armed Career Criminal Act (ACCA). *See* 18 U.S.C.A. § 924(e) (West 2000). *Custis* discussed § 851 only insofar as it noted that certain provisions of § 851 afford a defendant an opportunity "to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense," whereas the subject statute, the ACCA, did not. *Id.* at 491-92. *Custis* does not support the conclusion posited by Moody that collateral attack of prior convictions is the *sole* purpose of § 851. Therefore *Custis* has no bearing on whether § 851 is an appropriate means for the Government to seek a sentence enhancement based on prior convictions.

Finally, after a careful review of § 851, and the interplay between that statute and § 841, we hold that a prosecutor is acting within his

prosecutorial discretion when seeking an enhanced sentence pursuant to § 851. As the Supreme Court stated in *United States v. LaBonte*, 520 U.S. § 751, 761 (1997), in discussing whether the Government's use of § 851 in seeking an enhanced penalty results in "unwarranted disparity":

> Insofar as prosecutors, as a practical matter, may be able to determine whether a defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the prosecutorial discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based on improper factors.

*Id.* at 761 (citations omitted); *see also United States v. Cespedes*, 151 F.3d 1329, 1334 (11th Cir. 1998) ("In short, the power of the prosecutor under § 851 to increase the mandatory minimum sentence facing the defendant is not greater than the classic power of the executive to choose between charges carrying different mandatory minimums."). Moreover, because the language of § 851 shows that Congress "plainly demarcate[d] the range of penalties that prosecutors and judges may seek and impose," *United States v. Batchelder*, 442 U.S. 114, 126 (1979), the prosecutor's discretion is sufficiently circumscribed. Section 851 therefore does not constitute an impermissible delegation of legislative authority.

III.

Given *Apprendi*, we must reject Moody's argument that the prior convictions used as a basis for his enhanced sentence had to be set forth in the indictment. We also must reject Moody's argument that § 851 constitutes an unconstitutional delegation of legislative authority to the Executive Branch. The district court's judgment imposing an enhanced sentence on Moody pursuant to 21 U.S.C.A. § 841 and § 851 is

*AFFIRMED*.