[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

No. 07-12009
Non-Argument Calendar

_____

D. C. Docket No. 05-00414-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MENDOZA-RODRIGUEZ,
a.k.a. Jesus Castanada-Mendoza,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 8, 2008)**

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jesus Mendoza-Rodriguez appeals the sentence imposed following his

convictions for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A). Mendoza-Rodriguez was sentenced to a statutory mandatory minimum 240 months of imprisonment on the drug trafficking conviction and a statutory mandatory minimum consecutive sentence of 60 months of imprisonment on the firearm possession conviction. Mendoza-Rodriguez presents several arguments on appeal, all of which either lack merit or are foreclosed by our prior precedent. For the following reasons, we AFFIRM.

## I. BACKGROUND

Mendoza-Rodriguez was indicted on one count of possessing at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) ("Count One"), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"). The government filed an information indicating that, in 1994, Mendoza-Rodriguez was convicted in the Southern District of Texas for conspiracy to possess with intent to distribute 595 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and was therefore subject to the

enhanced sentencing provisions of 21 U.S.C. §§ 841(b)(1), 846, and 851.[1]

Mendoza-Rodriguez pled guilty to both counts. At his change-of-plea hearing, Mendoza-Rodriguez admitted that he had been previously convicted of a drug trafficking offense.

At sentencing, the district court found under the guidelines that the total offense level was 33 and Mendoza-Rodriguez's criminal history category was 2, which provided a custody range of 151 to 188 months. However, a total statutory mandatory minimum of 300 months of imprisonment applied, 240 months as to Count One, and 60 months as to Count Two. Mendoza-Rodriguez asked the district court to apply the statutory mandatory minimum sentence arguing that, because the unenhanced guidelines range, along with the 60-month mandatory consecutive firearms sentence, was an unreasonable sentence under the facts of this case, the 300-month mandatory minimum was sufficient. Mendoza-Rodriguez did not object to the fact of his prior conviction or to the applicability of statutory mandatory minimum sentences, and he made no other objections. The district court sentenced Mendoza-Rodriguez to 240 months of imprisonment as to Count One and 60 months of imprisonment as to Count Two, to be served consecutively, for a total of 300 months of imprisonment. The district court concluded that this

---

[1] In the information, the government indicates that it attached the 1994 judgment as Exhibit A, see R1-43, but no such exhibit included in the record on appeal.

3

was a fair and just sentence, even without regard to the mandatory minimums.

## II. DISCUSSION

Mendoza-Rodriguez argues that his sentence is unconstitutional because (1) the statutory mandatory minimum sentences constitute a violation of the constitutional separation of powers because, in establishing such high mandatory minimums, Congress encroached on the judiciary's role of determining an appropriate sentence; (2) his 240-month sentence for possessing with intent to distribute methamphetamine is based on the prosecutor's discretionary decision to file an information under a statutory system that constituted an impermissible delegation of legislative authority to the executive branch; (3) it is enhanced based on a conviction that was not mentioned in the indictment or submitted to a jury; and (4) his sentence constitutes cruel and unusual punishment under the Eighth Amendment because it is grossly disproportionate to his crime. He also argues that his sentence is unreasonably long.

In the district court, Mendoza-Rodriguez challenged only the reasonableness of his sentence. We review a district court's sentence for reasonableness, but "[w]e do not apply the reasonableness standard to each individual decision made during the sentencing process." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quoting United States v. Winingear, 422 F.3d 1241, 1245 (11th

4

Cir. 2005) (per curiam)). Our review is deferential. Id. at 1351. The appellant bears the burden of establishing that the sentence is unreasonable in view of the record and the sentencing factors provided in 18 U.S.C. § 3553(a). United States v. Turner, 474 F.3d 1265, 1280 (11th Cir. 2007).

Mendoza-Rodriguez did not raise any constitutional concerns or objections regarding his sentence in the district court. Where a defendant fails to make an objection in the district court to the constitutionality of his sentence, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, there must be "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" Id. (citation omitted). If these three conditions are met, we may "'notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (citation omitted).

Upon review of the record and the parties' briefs, we find that Mendoza-Rodriguez's sentence is reasonable and we discern no plain error. Further, Mendoza-Rodriguez's constitutional challenges to his sentence are all foreclosed by binding precedent, but he requests that we reconsider our cases to the contrary.[2] Mendoza-Rodriguez argues that these cases are either wrongly decided or

_____

[2] A panel of this Court may not overturn the decision of a prior panel. See Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997).

distinguishable, however, they are neither. We address each of Mendoza-Rodriguez's arguments in turn.

Mendoza-Rodriguez's first argument is that his sentence was imposed in violation of the doctrine of separation of powers. Mendoza-Rodriguez submits that Congress unconstitutionally encroached on the judiciary's role of determining an appropriate sentence. We have already addressed and rejected this argument. In United States v. Holmes, 838 F.2d 1175 (11th Cir. 1988), we held that statutory mandatory minimum sentences do not violate the separation of powers doctrine. We stated in Holmes that "[i]t is for Congress to say what shall be a crime and how that crime shall be punished." Id. at 1178 (quotation and citation omitted). Accordingly, this argument lacks merit.

Second, Mendoza-Rodriguez argues that his 240-month sentence for possessing with intent to distribute methamphetamine is unconstitutional because it was based on the prosecutor's discretionary decision to file an information under a statutory system that constitutes an impermissible delegation of legislative authority to the executive branch. We have previously upheld the constitutionality of 21 U.S.C. § 851 against a separation of powers challenge. See United States v. Cespedes, 151 F.3d 1329, 1334-35 (11th Cir. 1998) (finding that there was no impermissible delegation of authority in triggering mandatory sentences based on

6

the prosecutor's discretion to file an information). Consequently, this argument also fails.

Mendoza-Rodriguez's third argument is that his sentence is unconstitutional because it was enhanced based on a felony conviction that was not alleged or contained in the indictment or proven to a jury beyond a reasonable doubt. Mendoza-Rodriguez admitted to having a prior felony conviction at his plea hearing. Even so, he contends that this argument is not foreclosed by his confession or our precedent because the felony nature of the prior conviction, in addition to the fact of the conviction itself, was necessary for the enhancement. This argument lacks merit. First, when sentencing a defendant, the district court may rely upon the fact of a prior conviction that was neither admitted by a defendant nor proved to a jury. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 (11th Cir. 2005) (per curiam) ("the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions" before a district court may use those convictions to enhance a sentence), see also United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury

7

beyond a reasonable doubt); Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222 (1998). Second, a sentencing court may rely on undisputed facts and prior convictions described in a PSI to determine the nature of a prior conviction. United States v. Bennett, 472 F.3d 825, 832-33 (11th Cir. 2006) (per curiam).

Mendoza-Rodriguez's PSI indicated that he had a prior felony drug trafficking conviction, and he did not object to this fact. This amounts to an admission. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (a failure to make a valid objection to the underlying facts in the PSI or at sentencing is an admission that such facts are true). Therefore, the district court did not err in relying upon this fact for the purpose of a sentencing enhancement.

Fourth, Mendoza-Rodriguez contends that his sentence constitutes cruel and unusual punishment under the Eighth Amendment because it was grossly disproportionate to his crime. This argument is also foreclosed by prior precedent and is without merit. In Harris v. United States, 536 U.S. 545, 568-69, 122 S. Ct. 2406, 2420 (2002), the Supreme Court held that the seven-year minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm is constitutional. Id., 536 U.S. at 568-69, 122 S. Ct. at 2420; cf. United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) (per curiam) ("In general, a sentence within the limits

imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") (quotations omitted).   We decide, based on Harris, that Mendoza-Rodriguez's 60-month sentence imposed under § 924(c)(1)(A) for possessing a firearm in furtherance of a drug trafficking crime is constitutional.

As Mendoza-Rodriguez acknowledges, we have previously addressed the statutory minimums provided by 21 U.S.C. § 841 and found them to be constitutional.  United States v. Willis, 956 F.2d 248, 250-51 (11th Cir. 1992) (per curiam) (holding that a mandatory life sentence for drug trafficking did not violate the Eighth Amendment).  In fact, we have held that a 240-month mandatory minimum sentence imposed pursuant to 21 U.S.C. §§ 841(b)(1), 846, and 851 was constitutional against an Eighth Amendment challenge.  United States v. Sanchez, 215 F. App'x 853, 854-55 (11th Cir. 2007) (per curiam).  In Sanchez, as in this case, the defendant raised an Eighth Amendment challenge to his sentence for the first time on appeal.  Id. at 854. The defendant in Sanchez argued that his sentence was unconstitutional because it was enhanced through two old prior felony drug convictions, and his codefendants received lesser sentences.  Id.  Under plain error review, we upheld the defendant's sentence.  Id.  We decided that the time span between the defendant's prior convictions and his latest conviction did not "disqualif[y]" those prior convictions from triggering the enhanced sentence, and

9

we concluded that the defendant's criminal history was materially different from that of his codefendants.  Id. at 855.  Further, we determined that "upholding [the defendant's] sentence of 20 years follows a fortiori from the Willis decision, which affirmed the constitutionality of a life mandatory minimum sentence under § 841(b)(1)."  Id.

Similar to the manner in which the defendant in Sanchez sought to minimize his criminal history, Mendoza-Rodriguez argues that his sentence is grossly disproportionate because he has only one prior felony drug conviction.  However, that conviction alone is sufficient to trigger the enhanced sentence provided by 21 U.S.C. § 841(b)(1)(A).  Mendoza-Rodriguez's other  arguments, relating to his potential inability to sell the drugs and his joint responsibility for them, are insufficient to establish that his sentence is grossly disproportionate to his crime. We conclude that Mendoza-Rodriguez's sentence, imposed at the statutory mandatory minimum, does not violate the Eighth Amendment.

Finally, Mendoza-Rodriguez argues that his sentence was unreasonably long under the 18 U.S.C. § 3553(a) factors, and that it should be vacated notwithstanding the statutory mandatory minimums.  Mendoza-Rodriguez preserved this argument, unlike his other arguments on appeal.  "After Booker, we review sentences under the advisory guidelines for reasonableness.  Sentencing is a

10

two step process, requiring (1) the correct calculation of the guideline range and (2) the consideration of the 18 U.S.C. § 3553(a) factors." United States v. Ciszkowski, 492 F.3d 1264, 1269-70 (11th Cir. 2007) (citations omitted). Under § 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). The district court is not required to discuss each of the § 3553(a) factors. United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir. 2007). The district court also must comply with the statutory mandatory minimums. Ciszkowski, 492 F.3d at 1270. In sentencing Mendoza-Rodriguez, the district court explicitly considered several of the § 3553(a) factors during the sentencing hearing, including the fact that this is Mendoza-Rodriguez's second drug conviction, the nature and circumstances of this particular drug crime, the need for deterrence, and the need to protect the public. Further, the district court sentenced Mendoza-Rodriguez to the statutory minimum sentences for his crimes of conviction, which resulted in the shortest possible sentences available. Therefore, after reviewing the record, we conclude that Mendoza-Rodriguez's sentence was

reasonable.

### III. CONCLUSION

Mendoza-Rodriguez appeals the sentence imposed following his convictions for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A). Mendoza-Rodriguez was sentenced to a statutory mandatory minimum 240 months of imprisonment on the drug trafficking conviction and a statutory mandatory minimum consecutive sentence of 60 months of imprisonment on the firearm possession conviction, for a total sentence of 300 months of imprisonment. After careful consideration of the briefs of the parties, and a thorough review of the record, we determine that Mendoza-Rodriguez's sentence is reasonable and we conclude that the rest of his arguments on appeal are foreclosed by prior precedent. Accordingly, Mendoza-Rodriguez's sentence is **AFFIRMED.**