[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14703

_____

D.C. Docket No. 06-00597-CR-RBP-HGD

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DEATONI MARTIAL DIXON,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 23, 2008)**

Before BARKETT and WILSON, Circuit Judges, and POGUE,[*] Judge.

PER CURIAM:

_____

[*] Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting
by designation.

Deatoni Dixon appeals his conviction and 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). Dixon argues that the district court committed plain error by accepting his guilty plea without a reasonable factual basis in violation of Federal Rule of Criminal Procedure 11(b)(3). He also argues that his statutory mandatory minimum sentence is unconstitutional as it violates the Eighth Amendment's prohibition against cruel and unusual punishment and because mandatory minimum sentences violate the separation of powers doctrine of the Constitution.

When a defendant fails to object to plea proceedings based on Rule 11, we review for plain error. United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007), cert. denied, 128 S.Ct. 257 (2007). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. Here, Dixon did not object to plea proceedings nor did he argue, as he does on appeal, that the quantity of marijuana involved was too small to form the basis for a drug trafficking crime. Indeed, Dixon pled guilty to the specific charge of possession of a firearm in furtherance of a drug trafficking crime. Moreover, we find the factual basis proffered at the plea hearing sufficient to support the conviction.[1]

---

[1] The government proffered that when Dixon was approached by a police officer while sitting in an illegally parked car, he threw five bags of marijuana out the window. The officer

As to his sentence, Dixon makes two constitutional claims. First, he argues that his mandatory minimum sentence of 60 months is unconstitutionally disproportionate and as such constitutes cruel and unusual punishment prohibited by the Eighth Amendment, as he had no prior criminal history and the amount of marijuana seized was small. Constitutional objections not raised before the district court are reviewed only for plain error, United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005), and we find none here. Possession of a firearm in furtherance of a drug trafficking crime is a serious offense and 60 months is not a grossly disproportionate sentence. "Moreover, 'a sentence which is not otherwise cruel and unusual does not become so simply because it is mandatory.'" United States v. Raad, 406 F.3d 1322, 1324 (11th Cir. 2005) (quoting Harmelin v. Michigan, 501 U.S. 957, 995 (1991) (internal quotation marks and alterations omitted)).

Finally, Dixon argues, as he did before the district court, that mandatory minimum sentences violate the separation of powers principle of the Constitution as they combine both the power to prosecute and the judicial power to sentence within the executive branch. However, Dixon's argument is foreclosed by this Court's precedent. See United States v. Holmes, 838 F.2d 1175, 1178 (11th Cir.

---

found eleven more bags of marijuana and a 9 mm pistol under the driver's seat. The marijuana totaled 24.99 grams.

3

1988) ("It is for Congress to say what shall be a crime and how that crime should be punished . . . ." (quoting United States v. Smith, 686 F.2d 234, 239 (5th Cir. 1982))); United States v. Cespedes, 151 F.3d 1329 (11th Cir. 1998) (holding that the prosecutor's ability to influence the sentencing decision through charging does not violate the separation of powers doctrine).

**AFFIRMED.**