**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4543**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

HERMES JEOVANY MENDOZA-RAMIREZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:06-cr-00058-RLV-CH-1)

Submitted: April 23, 2009          Decided:  April 29, 2009

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hermes Jeovany Mendoza-Ramirez pled guilty to possession with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006) (count one), and unlawful reentry after deportation, 8 U.S.C. § 1326(a), (b)(2) (2006) (count two). The Government filed a 21 U.S.C. § 851 (2006) notice alleging a prior felony drug offense. Based on the prior conviction, Mendoza-Ramirez was sentenced to a statutory minimum of 120 months' imprisonment on count one and the guidelines minimum of 63 months on count two, to run concurrently. On appeal, Mendoza-Ramirez asserts that his sentence, based on the Government's exercise of discretion to file a § 851 information, is unreasonable as it violates the Sentencing Reform Act of 1984, the Due Process Clause of the Fifth Amendment, and the Cruel and Unusual Punishment Clause of the Eighth Amendment. Finding no reversible error, we affirm.

The court reviews Mendoza-Ramirez's sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 591 (2007). In reviewing a sentence, this court must first ensure that the district court committed no significant procedural error, such as incorrectly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the

2

substantive reasonableness of the sentence imposed under the totality of the circumstances. Gall, 128 S. Ct. at 597.

Mendoza-Ramirez was sentenced to the statutory mandatory minimum sentence of 120 months' imprisonment and we find the sentence reasonable. To the extent he posits constitutional challenges to § 851 based on the prosecutor's discretion to file an information, we find the claim without merit. A prosecutor's discretion to "determine whether a particular defendant will be subject to the enhanced statutory maximum" is "similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect." United States v. LaBonte, 520 U.S. 751, 761-62 (1997). "Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors." Id. at 762; see also United States v. Allen, 160 F.3d 1096, 1108 (6th Cir. 1998) (finding no impermissible delegation of authority by Congress in affording discretion to prosecutors to choose between statutes carrying different penalties for identical conduct); United States v. Cespedes, 151 F.3d 1329, 1334-35 (11th Cir. 1998) (holding § 851 does not improperly delegate legislative power to executive).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
