[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 28, 2009
THOMAS K. KAHN
CLERK

No. 09-11069
Non-Argument Calendar
_____

D. C. Docket No. 08-00019-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD L. BANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2009)

Before BIRCH, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gerald L. Banks appeals from his sentence of 78 months' imprisonment, imposed after he pled guilty to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2).  On appeal, he argues that: (1) the district court erred by increasing his offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(6), for committing a felony while possessing a firearm; and (2) 18 U.S.C. § 922(g) violates the Second Amendment to the United States Constitution because it infringes on an individual's right to possess a firearm.  After thorough review, we dismiss the appeal in part, and affirm in part.

We review the validity of a sentence-appeal waiver de novo.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008), cert. denied, 129 S.Ct. 2792 (2009).  We also review de novo the constitutionality of a statute.  United States v. Cespedes, 151 F.3d 1329, 1331 (11th Cir. 1998).  However, when a party fails to raise an issue before the lower court, we review the issue for plain error.  United States v. Jones, 289 F.3d 1260, 1265 (11th Cir. 2002). Plain error occurs if (1) was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the "fairness, integrity, or public reputation of the judicial proceedings."  Id.  We have held that an error cannot be "plain" unless it is "clear under current law."  United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).  Thus, where neither we nor the Supreme Court has resolved an issue directly, and other circuits are split on it, there can be no plain error in regard to that issue.  See id.

First, we reject Banks's claim that the district court erred by increasing his offense level by four levels, pursuant to U.S.S.G. § 2K2.1(b)(6), for committing a felony while possessing a firearm because sentence enhancements based on relevant conduct are unconstitutional. Banks's plea agreement, however, contained a sentence-appeal-waiver provision. A sentence-appeal waiver is effective if it is made knowingly and voluntarily. Johnson, 541 F.3d at 1066. "The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." Id.

As the record shows, Banks entered into a plea agreement that included a sentence-appeal waiver, and the district court reviewed the sentence-appeal waiver with him at the plea hearing. Banks confirmed that he understood the waiver, and that he was waiving his right to appeal knowingly and voluntarily, and his sentence-appeal waiver is thus valid and enforceable. See id. Although Banks's waiver reserved the right to appeal on three grounds, he specifically waived his right to appeal the court's guideline calculations, as he now attempts to do. As a result, Banks's argument is barred by his sentence-appeal waiver, and we dismiss his appeal of his sentence.

We likewise find no merit in Banks's argument, based on District of Columbia v. Heller, 128 S.Ct. 2783 (2008), that 18 U.S.C. § 922(g) violates the Second Amendment to the United States Constitution because it infringes on an individual's right to possess a firearm. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In Heller, the Supreme Court decided the issue of whether the District of Columbia's prohibition of possessing a usable handgun in the home violated the Second Amendment. 128 S.Ct. at 2787-88. In striking down the ban on usable handguns, the Court concluded that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." Id. at 2797, 2821-22. However, the Court noted that "the right secured by the Second Amendment is not unlimited." Id. at 2816. The Court expressly stated that nothing from its decision "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Id. at 2816-17.

Reviewing the issue for plain error, as Banks concedes we must, Banks's claim fails. In Heller, the Supreme Court did not decide the issue of the constitutionality of statutes such as § 922(g) that prohibit felons from possessing a firearm. Rather, the Court specifically noted that its decision should not "cast

4

doubt on longstanding prohibitions on the possession of firearms by felons." Id. Furthermore, we have not ruled on the issue of whether § 922(g) violates the Second Amendment. Because the issue is not "clear under current law," the district court did not plainly err by finding that Banks violated § 922(g). See Humphrey, 164 F.3d at 588.

**AFFIRMED IN PART, DISMISSED IN PART.**