**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1941
_____

UNITED STATES OF AMERICA

v.

HENRY A. BRUCE,
                              Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cr-00198-001)
District Judge: Hon. Nora B. Fischer
_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
February 3, 2020
_____

Before: SHWARTZ, SCIRICA, and RENDELL, <u>Circuit
Judges</u>.

(Filed: February 13, 2020)

_____

OPINION

_____


Lisa B. Freeland
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
        *Counsel for Appellant*

Laura S. Irwin
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
        *Counsel for Appellee*


SHWARTZ, <u>Circuit Judge</u>.

        Henry A. Bruce appeals his sentence for possession with the intent to distribute cocaine base, arguing for the first time that the statute that allows the Government to seek an enhanced sentence based on his prior convictions, 21 U.S.C. § 851, violates the non-delegation doctrine. Because there is no such violation, we will affirm.

I

Bruce was indicted for possession with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Pursuant to 21 U.S.C. § 851, the Government filed an information alleging that Bruce had previously been convicted of two serious drug felonies and that he was therefore subject to an enhanced sentence, including a mandatory minimum term of imprisonment of ten years.[1] Bruce pleaded guilty and acknowledged that he was subject to the ten-year mandatory minimum.

---

[1] Because Bruce's sentence was imposed after the December 2018 enactment of the First Step Act, the Act's amendments to 21 U.S.C. § 841(b) apply. See First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220-21. Under § 841(b), Bruce's offense of conviction, possession with intent to distribute 28 grams or more of a mixture or substance containing cocaine base, ordinarily carries a five-year mandatory minimum term of imprisonment. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Because Bruce committed this offense "after a prior conviction for a serious drug felony . . . ha[d] become final," a ten-year mandatory minimum applies. § 841(b)(1)(B). "[S]erious drug felon[ies]" are certain drug-related offenses with statutory maximums of at least ten years, for which the defendant "served a term of imprisonment of more than 12 months," and for which the defendant was released within fifteen years of the date of the new offense. § 802(57) (citing 18 U.S.C. § 924(e)(2)). The parties agree that at least one of Bruce's prior convictions constitutes a "serious drug felony."

At sentencing, Bruce argued that the ten-year mandatory minimum was "disproportionately harsh," App. 69, was unsupported by "any legitimate scientific, medical or law enforcement justification," App. 76, and was the result of "racially motivated fears" that influenced policymaking. App. 76, 107. Nevertheless, Bruce acknowledged that the District Court was "bound by the statutory minimum" in imposing his sentence. App. 84. The Court "recognize[d]" Bruce's objections, but stated that it had "no discretion" to impose a sentence below ten years of imprisonment, App. 112, and sentenced him to ten years of imprisonment and eight years of supervised release. Bruce appeals.

## II[2]

Bruce argues that his sentence should be vacated, and the case remanded for resentencing without the mandatory minimum, because 21 U.S.C. § 851 violates the non-delegation doctrine. Bruce did not argue this in the District Court and thus we apply plain error review.[3] Doing so, we conclude that there was no error, plain or otherwise.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] "The plain error standard is met when '(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; [and] (3) the error affected the appellant's substantial rights,' which in the ordinary case means it affected the outcome of the district court proceedings." United States v. Lee, 612 F.3d 170, 178 (3d Cir. 2010) (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)). A court may address

Article I of the Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States."  U.S. Const. art. I, § 1.  "Congress generally cannot delegate [this] legislative power to another Branch" of government.  United States v. Cooper, 750 F.3d 263, 266 (3d Cir. 2014) (quoting Mistretta v. United States, 488 U.S. 361, 371-72 (1989)); see also Gundy v. United States, 139 S. Ct. 2116, 2123 (2019) (plurality opinion).  Congress may, however, delegate legislative power to another branch if it "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform."  Gundy, 139 S. Ct. at 2123 (alterations in original) (quoting Mistretta, 488 U.S. at 372); see also Whitman v. Am. Trucking Ass'ns, Inc., 531 U.S. 457, 472 (2001).  An "intelligible principle" is one that "[makes] clear to the delegee 'the general policy' he must pursue and the 'boundaries of [his] authority.'"  Gundy, 139 S. Ct. at 2129 (second alteration in original) (quoting Am. Power & Light Co. v. S.E.C., 329 U.S. 90, 105 (1946)); see also Cooper, 750 F.3d at 270 (citing Mistretta, 488 U.S. at 372-73); United States v. Berberena, 694 F.3d 514, 523-24 (3d Cir. 2012).

Importantly, the non-delegation doctrine applies only to delegations by Congress of legislative power; it has no application to exercises of executive power.  See Gundy, 139 S. Ct. at 2123 (holding that the non-delegation doctrine prevents Congress from transferring to another branch "powers which are strictly and exclusively legislative" (quoting Wayman v. Southard, 23 U.S. (10 Wheat.) 1, 42-43 (1825)));

the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id.

5

Loving v. United States, 517 U.S. 748, 772-73 (1996) (holding that "the same limitations on delegation do not apply where the entity exercising the delegated authority itself possesses independent authority over the subject matter," such as delegations to the Executive Branch of matters that traditionally fall within executive discretion, like commander-in-chief power (internal quotation marks omitted) (collecting cases)); United States v. Hutchinson, 573 F.3d 1011, 1032 n.4 (10th Cir. 2009) (rejecting a non-delegation challenge to filing a § 851 information because the filing "involves no delegation of legislative power: such a decision is an exercise of the prerogative power committed to the executive department" (emphasis omitted)).

Bruce's non-delegation challenge fails because the filing of a § 851 information is an exercise of executive, not legislative, power. A prosecutor's decision to file a § 851 information is akin to the decision of "what, if any, charges to bring against a criminal suspect." United States v. Washington, 869 F.3d 193, 211 (3d Cir. 2017) (citing United States v. LaBonte, 520 U.S. 751, 762 (1997)), cert. denied, 138 S. Ct. 713 (2018). That power is firmly committed to the discretion of the Executive Branch. See id.; see also Greenlaw v. United States, 554 U.S. 237, 246 (2008) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." (quoting United States v. Nixon, 418 U.S. 683, 693 (1974))); United States v. Sanchez, 517 F.3d 651, 670-71 (2d Cir. 2008) ("[T]he decision as to what federal charges to bring against any given suspect is within the province of the Executive Branch . . . ." (citing, inter alia, United States v. Armstrong, 517 U.S. 456, 464 (1996))). That the filing of the information may result in a harsher sentence than might otherwise have been imposed does not

6

change this conclusion, given that "[t]he Supreme Court has unambiguously upheld the prosecutor's ability to influence the sentence through the charging decision." United States v. Cespedes, 151 F.3d 1329, 1332 (11th Cir. 1998) (citing United States v. Batchelder, 442 U.S. 114, 126 (1979)); Sanchez, 517 F.3d at 670 (recognizing the Executive Branch's "exclusive authority . . . to decide which of alternative statutory sections, which may carry penalties of varying severity, the defendant will be charged with violating"). "Thus, rather than delegating legislative power, § 851 affords prosecutors a power no greater than that traditionally exercised by the executive branch in the charging decision." Cespedes, 151 F.3d at 1333.[4]

Because the filing of a § 851 information is not a delegation of legislative power, we join our sister Courts of Appeals in holding that its filing does not implicate the non-delegation doctrine. See United States v. Lopez, 459 F. App'x 488, 489 (5th Cir. 2012) (per curiam); Hutchinson, 573 F.3d at 1032 n.4; United States v. Mendoza-Ramirez, 326 F. App'x 705, 706-07 (4th Cir. 2009) (per curiam); United States v. Jensen, 425 F.3d 698, 707 (9th Cir. 2005); United States v. Crayton, 357 F.3d 560, 572 (6th Cir. 2004); Cespedes, 151 F.3d at 1333; cf. United States v. Gonzalez-Ramirez, 561 F.3d 22, 30 (1st Cir. 2009) (Section 851 does not violate the

---

[4] Bruce's argument that § 851 effectively authorizes the Executive Branch to predetermine the sentence for a federal offense, and is legislative in nature, is misplaced. Far from predetermining a sentence, a § 851 information "simply alters the range of the final penalty available to the [district] court" by virtue of increasing the minimum sentence. Cespedes, 151 F.3d at 1334.

7

separation of powers); <u>Sanchez</u>, 517 F.3d at 670 (Section 851 does not "impermissibly transfer[] power over sentencing" from the judiciary to the executive).

III

For the foregoing reasons, we will affirm.