# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-30006

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH EARL ROBINSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-cr-00024

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Joseph Earl Robinson was convicted of, among other crimes, one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A) and 846. Robinson timely moved to acquit on this count, arguing that under Federal Rule of Criminal Procedure 29 the

---

[*] Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government had presented insufficient evidence to support the conviction. The district court denied the motion.

The jury convicted Robinson on all counts. At sentencing, the district court calculated a Guidelines sentencing range of 121-151 months' imprisonment. But because Robinson had a prior felony drug conviction, he was subject to a mandatory minimum sentence of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A). Thus, the district court sentenced him to 240 months' imprisonment.

On appeal, Robinson argues that the district court erred in denying his Rule 29 motion and that the application of the statutory mandatory minimum sentence of 240 months' imprisonment violated his Fifth and Fourteenth Amendment rights to substantive due process and to a judicial determination of the reasonableness of his sentence. After considering the parties' arguments, we affirm the district court's ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After an investigation by the Madison Parish Sheriff's Office and the Louisiana State Police, Robinson was arrested and charged with one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 18 U.S.C. §§ 841(a) and (b)(1)(A) and 846 (Count 1); seven counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(A) and (B) (Counts 2-8); and one count of forfeiture as a result of a drug distribution offense, in violation of 21 U.S.C. § 853 (Count 9). Before trial, the government filed a motion for enhancement of penalties under 21 U.S.C. § 851 based on Robinson's prior conviction of a drug trafficking offense. Over Robinson's objection, the district court granted the motion.

At trial, the government presented the testimony of Louisiana State Police Senior Trooper Randy Almond, the lead agent on Robinson's case. Almond testified that officers used a confidential informant ("CI") to buy about five

grams of crack from Robinson on eight separate occasions. The CI testified that Robinson's nephew Andrew L. Coleman, known as "Lucky," participated in the purchases on two occasions. Once, as the CI passed in front of Robinson's home, Lucky flagged her down to give her the drugs, although the CI was not sure whether Robinson or Lucky actually handed her the drugs. Another time, Lucky came to the CI's house and gave her the crack that she had requested from Robinson.

The government also produced evidence that an unnamed and unindicted individual was Robinson's supplier in Monroe, Louisiana. The CI testified that Robinson told her his supplier wanted only twenties and larger bills, not fives or tens. Trooper Steve Wallace, who participated in the investigation of Robinson, testified that Robinson admitted to buying crack at least twice from the same supplier.

Almond testified that officers suspected Robinson would be receiving more drugs from his supplier. Trooper Chris Jordan testified that officers surveilled Robinson as he and an unidentified passenger drove to a house in Monroe. Robinson parked and entered the house, leaving the passenger in his vehicle. A few minutes later, Robinson returned to the vehicle and put something under the seat. After Robinson left the house in Monroe, officers arranged a traffic stop of Robinson's vehicle.

Trooper Michael Bickford testified that when Robinson refused to consent to a search, officers called a canine unit. The canine unit alerted to the vehicle, and a search revealed a package of suspected crack cocaine under the seat. Later analysis showed that the package contained about 327.5 grams of crack cocaine.

After presentation of all of the evidence during a three-day trial, Robinson moved for a judgment of acquittal as to the conspiracy charged in Count 1, arguing that the government had presented insufficient evidence under Rule 29.

The district court denied Robinson's motion, and the jury found Robinson guilty on all counts.

At sentencing, the district court assigned Robinson an offense level of 32 with a criminal history category of I, yielding a Guidelines range of 121-151 months' imprisonment. The district court also found that Robinson had a prior drug trafficking felony conviction, that the conviction was final, and that the government had properly filed a motion before trial under 21 U.S.C. § 851 to include the conviction for sentencing purposes. Under 21 U.S.C. § 841(b)(1)(A), Robinson's statutory mandatory minimum sentence became 240 months' imprisonment. The district court sentenced Robinson to 240 months' imprisonment, followed by ten years of supervised release on Counts 1 and 2 and eight years on Counts 3-8, all sentences to run concurrently. The district court overruled Robinson's constitutional objections to the enhanced sentence. Robinson timely filed a notice of appeal.

We have jurisdiction over this appeal of the district court's final judgment under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II. ANALYSIS

### A. The Rule 29 motion for judgment of acquittal

#### 1. Standard of review

We review *de novo* a district court's denial of a motion for judgment of acquittal. *United States v. Burns*, 162 F.3d 840, 847 (5th Cir. 1998). "In evaluating the sufficiency of the evidence we must affirm the verdict 'if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict.'" *Id.* (quoting *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997)). "The evidence does not need to exclude every reasonable hypothesis of innocence; the jury is free to choose among reasonable interpretations of the evidence." *United States v. Perrien*, 274 F.3d 936, 939-40

4

(5th Cir. 2001) (citations omitted). We must accept "[a]ll reasonable inferences and credibility choices which support the jury's verdict." *United States v. Gonzales*, 866 F.2d 781, 783 (5th Cir. 1989).

The jury "is the final arbiter of the credibility of witnesses." *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). A guilty verdict based on a witness's testimony may be sustained unless that witness's testimony is "incredible as a matter of law." *Id.* For testimony to be incredible as a matter of law, it must relate to "facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." *Id.*

### 2. Analysis

Rule 29(a) says, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In this case, Robinson moved the district court for judgment of acquittal only as to Count 1, which charged Robinson with conspiracy to possess cocaine base with intent to distribute. To convict a defendant of conspiracy to possess a controlled substance with intent to distribute, the government must present sufficient evidence that the defendant: (1) agreed with at least one other person, (2) to possess the controlled substance with the intent to distribute, (3) knew the conspiracy existed, and (4) intentionally participated in the conspiracy. *United States v. Rena*, 981 F.2d 765, 771 (5th Cir. 1993).

The government presented sufficient evidence to establish a conspiracy between Robinson and Lucky. The government presented evidence that Lucky participated in drug sales with Robinson on at least two occasions. In his brief, Robinson notes that the CI did not remember whether Lucky or Robinson actually handed her the drugs on one of these occasions. Robinson argues that because the CI did not remember, the evidence is not sufficient to show that Lucky knowingly participated in the transaction. But it does not matter who

5

actually handed the drugs to the CI. All that matters is whether the government presented sufficient evidence of a conspiracy. It did.

The government also presented sufficient evidence of a conspiracy between Robinson and his supplier. Robinson argues that the government did not introduce evidence that anyone in the house in Monroe participated in a conspiracy with Robinson. Further, Robinson claims that the government defines "conspiracy" so broadly as to include anyone who ever bought or sold drugs, regardless of the circumstances.

Robinson overstates the government's position. The government does not argue that simply buying drugs constitutes a conspiracy. Instead, the government argues that in this case, evidence shows that Robinson had an ongoing relationship with a supplier. This evidence, although weaker than the evidence of a conspiracy between Robinson and Lucky, is sufficient for a reasonable jury to conclude that Robinson and his supplier agreed to possess crack cocaine with the intent to distribute and that Robinson knowingly and intentionally participated in the conspiracy.

"[V]iewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict," *Burns*, 162 F.3d at 847 (internal quotation marks omitted), a reasonable trier of fact could conclude that the government established the elements of Count 1 beyond a reasonable doubt as to conspiracies between Robinson and Lucky, and between Robinson and his supplier. Accordingly, we hold that the government presented sufficient evidence on which the district court could base a denial of Robinson's Rule 29 motion for judgment of acquittal on Count 1.

**B.    The statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A)**

We review *de novo* constitutional questions and issues of statutory interpretation. *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003). Our review of a defendant's sentence is bifurcated. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). First, we must consider whether the district court

6

committed a "significant procedural error." *Id.* Second, if "the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Robinson does not assert that the district court committed a procedural error, so we proceed to step two. Robinson argues that the congressional imposition of a statutory mandatory minimum sentence under § 841(b)(1)(A), which is greater than the entire Guidelines range, violates his substantive due process rights under the Fifth and Fourteenth Amendments. Robinson also argues that the statutory mandatory minimum deprives him of the right to a judicial determination of the reasonableness of his sentence. We address these arguments in turn.

First, Robinson argues that the § 841(b)(1)(A) mandatory minimum sentence deprives him of his substantive due process rights. The Supreme Court rejected a similar argument in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which confirmed that the enhanced mandatory minimum sentences for recidivists in 21 U.S.C. § 841(b)(1)(A)-(D) are constitutional sentencing provisions. *Id.* at 230. The Court observed that "the lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes (at least where the conduct, in the absence of the recidivism, is independently unlawful)." *Id.* The Court agreed with the lower courts, explaining that "recidivism," or "prior commission of a serious crime," is "as typical a sentencing factor as one might imagine." *Id.* The Court explained that a statute like § 841(b)(1)(A) which "did not 'alter[] the maximum penalty for the crime' but 'operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it'" does not create a separate element or violate due process. *Id.* at 243 (quoting *McMillan v. Pennsylvania*, 477 U.S. 79, 87-88 (1986) (alteration in original)); *see also Mistretta v. United States*, 488 U.S. 361, 364 (1989)

("[Congress] has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control."). Section 841(b)(1)(A) does not violate Robinson's due process rights.

In addition, Robinson argues that congressionally-imposed mandatory minimum sentences prevent district courts from setting reasonable sentences. Like Robinson's previous argument, this argument is precluded by *Almendarez-Torres*, 523 U.S. at 230, which confirmed the constitutionality of § 841(b)(1)(A)-(D)'s enhanced mandatory minimum sentences for recidivists. In an effort to support his argument, Robinson quotes *Gall* and *United States v. Booker*, 543 U.S. 220 (2005). But *Gall* and *Booker* do not support Robinson's argument. *Gall* and *Booker* discuss a reasonableness test that is used to determine whether a court has abused its discretion in setting a sentence. *Gall*, 128 S. Ct. at 594 ("As a result of our decision [in *Booker*], the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" ); *Booker*, 543 U.S. at 268 ("[W]hether it will [] be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine."). This is a different issue entirely.

We hold that the application of the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A) does not violate Robinson's Fifth and Fourteenth Amendment rights to substantive due process or to a judicial determination of the reasonableness of his sentence.

### III. CONCLUSION

For the reasons herein, we AFFIRM the district court's denial of Robinson's Rule 29 motion for judgment of acquittal on Count 1, and we hold that the application of the statutory mandatory minimum sentence in 21 U.S.C. § 841(b)(1)(A) does not violate Robinson's Fifth and Fourteenth Amendment rights to substantive due process or to a judicial determination of the reasonableness of his sentence.

AFFIRMED.