**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2012

Lyle W. Cayce
Clerk

No. 11-40571
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERT LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-544-2

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Gilbert Lopez appeals the sentence imposed following his guilty-plea conviction of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana and over 5 kilograms of cocaine. Because Lopez had prior drug felony offense convictions, the district court sentenced him to the mandatory minimum sentence of life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), 851.

Lopez argues that his sentence violates the Fifth and Eighth Amendments to the Constitution, as well as the Constitution's delegation of authority to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judiciary in Article III, Section 1.  Because Lopez did not apprise the district court of his claim that application of § 841(b)(1)(A) violated his constitutional rights, this court reviews his challenge for plain error.  *See United States v. Bishop*, 629 F.3d 462, 468 (5th Cir. 2010).  Plain error exists when the appellant demonstrates that (1) an error; (2) that was clear or obvious; and (3) that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).  If the first three prongs are met, we court will correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotations and citations omitted).

As Lopez acknowledges, we have previously determined that the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991) rejected the argument that a term of life imprisonment constitutes cruel and unusual punishment.  *See United States v. Fragoso*, 978 F.2d 896, 903 (5th Cir. 1992); *see also Harmelin*, 501 U.S. at 994-95 ("Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense.").  Lopez's Fifth Amendment argument is similarly without merit.  *See generally Almendarez–Torres v. United States*, 523 U.S. 224, 230; *accord United States v. Robinson*, 344 F. App'x 936, 940-41 (5th Cir. 2009) (*per curiam*) (holding that application of statutory mandatory minimum in § 841(b)(1)(A) does not violate defendant's Fifth and Fourteenth Amendment rights).

Finally, we have rejected the argument that a sentencing scheme permitting the prosecution to seek an enhancement potentially resulting in life imprisonment represents an unconstitutional delegation of authority to the executive branch of the federal government.  *See United States v. Rasco*, 123 F.3d 222, 226-27 (5th Cir. 1997) (holding constitutional the recidivism-based mandatory life sentence penalty created by 18 U.S.C. § 3559).  Our analysis is in line with other circuit courts of appeal that have considered this issue.  *See United States v. Jensen*, 425 F.3d 698, 707 (9th Cir. 2005); *United States v.*

*Crayton*, 357 F.3d 560, 571-72 (6th Cir. 2004); *United States v. Cespedes*, 151 F.3d 1329, 1331-35 (11th Cir. 1998); *United States v. Prior*, 107 F.3d 654, 658-59 (8th Cir. 1997).

Lopez has not shown clear or obvious error. *Puckett*, 129 S. Ct. at 1429. Accordingly, we AFFIRM the judgment of the district court.