[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16879
Non-Argument Calendar

_____

D. C. Docket No. 06-00396-CR-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVAR MARTINEZ-BLANCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 5, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Olivar Martinez-Blanco was convicted of conspiracy to possess with intent

to distribute at least five kilograms of cocaine and attempt to distribute at least five kilograms of cocaine, both in violation of 21 U.S.C. § 846. Prior to trial, the government filed a notice of enhanced penalties identifying two prior controlled substance convictions, which subjected Martinez-Blanco to mandatory life imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 851.

At sentencing, Martinez-Blanco acknowledged that the sentence was set by statute, but argued that it was unjust. He asserted that the government filed the two § 851 notices to coerce him into entering a plea, and his codefendants received lesser sentences but were more culpable. He explained that the two prior convictions occurred when he was only 22 and 24 years old, while he was addicted to drugs, and involved a very small amount of drugs. He claimed the mandatory life sentence was cruel and unusual punishment and did not permit the court to consider mitigating sentencing factors in 18 U.S.C. § 3553(a).

The court stated that it believed a significant sentence was required, but that the mandatory life imprisonment was "savage, cruel and unusual." The court acknowledged that its hands were tied and stated that it regretted its lack of discretion in determining the sentence. Nevertheless, the court explained that it would adhere to its duty to follow the law. Accordingly, the court sentenced Martinez-Blanco to life imprisonment.

On appeal, Martinez-Blanco raises four challenges to his mandatory life sentence: (1) the court should have considered the § 3553(a) factors and the rule of lenity; (2) the sentence violates the Eighth Amendment; (3) the court erroneously enhanced his sentence based on prior convictions not alleged in the indictment or proven to the jury; and (4) § 851 violates the separation of powers.

We review de novo the legality of a criminal sentence. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007). We also review de novo constitutional claims. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004). Issues not raised before the district court are reviewed for plain error. United States v. Martinez, 407 F.3d 1170, 1173 (11th Cir. 2005).

I. Mandatory Sentences and the § 3553(a) Factors

Martinez-Blanco argues that the mandatory minimum sentence violates his constitutional rights and conflicts with the mandate that the court consider the sentencing factors in § 3553(a). He asserts therefore the court should apply the rule of lenity and conclude that § 3553(a) supersedes the mandatory minimum sentence.

Martinez-Blanco's challenge is foreclosed by this court's decision in United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008) (holding that the district court remains bound by statutory minimum sentences after United States v.

3

Booker, 543 U.S. 220 (2005)).  We are bound by decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court.  United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998).  Therefore, despite the district court's obvious disagreement with sentence, the court was required to impose the statutory mandatory minimum.[1]

Moreover, the court did not need to consider the rule of lenity.  To apply the rule, the court must conclude that the statute is ambiguous and that narrower constructions are possible.  United States v. Svete, 556 F.3d 1157, 1169 (11th Cir. 2009) (en banc); see also United States v. Camacho-Ibarquen, 410 F.3d 1307 (11th Cir. 2005) ("we will apply the rule of lenity only if the provision being construed is still ambiguous after application of normal rules of construction.").  Because there is no conflict between the mandatory minimum sentence and the § 3553(a) factors, there is no ambiguity or narrower construction possible, and the rule would not apply.  Accordingly, there is no merit to Martinez-Blanco's first challenge to his sentence.

II.  Eighth Amendment

As Martinez-Blanco concedes, this court has rejected an Eighth Amendment

---

[1]  The court is permitted to impose a sentence below the mandatory minimum only if the government files a substantial assistance motion or if the defendant qualifies for the safety-valve provision, see 18 U.S.C. §§ 3553(e) and 3553(f), neither of which is applicable to Martinez-Blanco's case.

4

challenge to mandatory minimum sentences. See United States v. Brant, 62 F.3d 367 (11th Cir. 1995); see also United States v. Johnson, 451 F.3d 1239, 1243-44 (11th Cir. 2006). Accordingly, this argument is foreclosed by circuit precedent.

III. Prior Convictions

Martinez-Blanco argues that §§ 841 and 851 are unconstitutional because they permit a defendant to face an enhanced mandatory minimum based on prior convictions not alleged in the indictment or proven to the jury.

This court has rejected the claim that prior convictions must be charged in the indictment or proven to a jury. Camacho-Ibarquen, 410 F.3d at 1315-16. Accordingly, Martinez-Blanco's claim fails.

IV. Separation of Powers

Finally, Martinez-Blanco argues that §§ 841 and 851 violate the separation of powers doctrine by granting federal prosecutors greater power to determine penalties than the power granted to federal judges.

This court has upheld § 851's constitutionality under a separation-of-powers challenge. See United States v. Cespedes, 151 F.3d 1329, 1335 (11th Cir. 1998) ("[T]he power of the prosecutor under § 851 to increase the mandatory minimum sentence facing the defendant is no greater than the classic power of the executive to choose between charges carrying different mandatory penalties."); see also

5

United States v. Holmes, 838 F.2d 1175, 1178 (11th Cir. 1988) (explaining that "[i]t is for Congress to say what shall be a crime and how that crime shall be punished."). Accordingly, there is no merit to Martinez-Blanco's separation-of-powers claim.

Because each of Martinez-Blanco's challenges is foreclosed by this court's case law, we AFFIRM the sentence imposed.

**AFFIRMED.**