**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2532

_____

UNITED STATES OF AMERICA

v.

JAMES HILL,
                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cr-00458-001)
District Judge: Honorable Gerald A. McHugh

_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 15, 2020

_____

Before: AMBRO, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: December 10, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

James Hill appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Relying on Rehaif v. United States, he argues that his indictment did not allege, the jury was not instructed, and the evidence did not prove that "he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). Because the Government failed to adduce evidence that Hill knew he was a felon, and because such a failure constitutes plain error under United States v. Nasir, No. 18-2888, --- F.3d ---, 2020 WL 7041357, at *19-21 (3d Cir. Dec. 1, 2020) (en banc), we will vacate the conviction and remand for retrial.[1]

I

In July 2018, law enforcement discovered that Hill possessed a firearm. United States v. Hill, 811 F. App'x 761, 762 (3d Cir. 2020). A grand jury returned an indictment charging: "JAMES HILL, having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm," in violation of § 922(g)(1). App. 24. Hill had previously been convicted of several offenses, including offenses under Pennsylvania law for possession of a controlled substance with intent to

---

[1] In his appeal, Hill raises both his Rehaif issue and two other issues. We addressed the other issues in United States v. Hill, 811 F. App'x 761 (3d Cir. 2020), and held the Rehaif issue C.A.V. pending Nasir.

deliver, for which he faced up to five years' imprisonment, 35 Pa. Stat. §§ 780-113(f)(2), 780-104(1)(ii)(10), and was sentenced to two to four years' imprisonment.

Before trial, Hill stipulated that "[p]rior to July 8th, 2018, [he] had been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year. That is, he had been convicted of a felony within the meaning of [§ 922(g)(1)]." App. 364-65. The stipulation was read to the jury but no other evidence was presented regarding Hill's prior convictions or his knowledge of his status as a felon.[2]

The District Court instructed the jury that there were three elements to the offense charged: (1) Hill had been convicted of a crime punishable by imprisonment of over a year (a felony), (2) "after that conviction, [he] knowingly possessed a firearm," and (3) "his possession was in or affecting interstate or foreign commerce." App. 553. Regarding the first element, the Court explained that the parties had stipulated that Hill had a prior conviction, but that

> [the] prior conviction is brought to your attention only because it tends to establish one of the elements of the crime . . . . So you are not to speculate about the nature of that conviction, and you may not consider the fact that he has a prior conviction in deciding whether he was in knowing possession of the firearm with which he is charged in this case because that is in

---

[2] Besides the stipulation, the Government presented the following evidence: the testimonies of Officers Bond and Terrell, who discovered Hill with the gun and described arresting him, the testimony of an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who testified regarding the firearm's manufacturing and distribution history, and the testimony of an officer with the Philadelphia Police Department's Firearms Identification Unit, who testified that the firearm was operable. Hill did not present any witnesses.

> dispute . . . . It's only proof for the fact that he had a previous felony conviction . . . .

App. 554. The Court then explained that "[t]o establish the second element . . . , the Government must prove that Mr. Hill possessed the firearm in question . . . . This means that the defendant possessed the firearm purposely and voluntarily . . . . It also means that he had to know that the object in question was a firearm." App. 555-56.

The jury found Hill guilty. The Court sentenced Hill to 70 months' imprisonment and three years' supervised release. Hill appeals his conviction.

II

Three months after Hill's conviction, and while his case was on direct appeal, the Supreme Court held in Rehaif that the Government must show that the defendant "knew he had the relevant status when he possessed [the firearm]," here, status as a felon. 139 S. Ct. at 2194. Based on Rehaif, Hill argues that his conviction must be reversed because his indictment did not allege, the jury was not instructed, and the evidence did not prove that he knew he had been convicted of a felony. Because Hill did not object to any of these things before the District Court, we review for plain error. Nasir, 2020 WL 7041357, at *10. "The plain error standard is met when (1) there is an error; (2) the error is clear or obvious . . . ; and (3) the error affected the appellant's substantial rights . . . . A court may address the error if it seriously affects the fairness, integrity or public

4

reputation of judicial proceedings." United States v. Bruce, 950 F.3d 173, 175 n.3 (3d Cir. 2020) (alterations, quotation marks, and citations omitted).[3]

In Nasir, we held that the Government's failure to prove that a § 922(g)(1) defendant knew he was a felon was plain error that required vacatur of the conviction. 2020 WL 7041357, at *21-23. As in Nasir, the Government here, following our pre-Rehaif precedent, put forward no evidence that Hill knew he was a felon prohibited from possessing a firearm.[4] Because this was a trial error, we will vacate and remand for a new trial.[5] Nasir, 2020 WL 7041357, at *23.

---

[3] Hill argues that plain error analysis does not apply because the error here was "structural," thus requiring us "to invalidate the conviction." Reply Br. at 9-10. However, there is "no structural defect exception" to Federal Rule of Criminal Procedure 52(b); instead, his allegation of a structural defect "is properly considered . . . during the course of our substantial rights inquiry" of plain error review. United States v. Vazquez, 271 F.3d 93, 103 (3d Cir. 2001) (en banc) (citing Johnson v. United States, 520 U.S. 461, 466 (1997)). Moreover, the errors he alleges are not structural. United States v. Stevenson, 832 F.3d 412, 426 (3d Cir. 2016) ("[D]efective indictments do not constitute 'structural' error."); Washington v. Recuenco, 548 U.S. 212, 222 (2006) ("Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error."); Neder v. United States, 527 U.S. 1, 15 (1999) ("[T]he omission of an element [from jury instructions] is an error that is subject to harmless-error analysis.").

[4] While the Government argues that the jury could infer from the stipulation that Hill knew he was a felon, we rejected that argument in Nasir. 2020 WL 7041357, at *20.

[5] While it is unlikely that the indictment, which tracks the language of the statute, was insufficient or that it would constitute plain error to allow it to stand, see Stevenson, 832 F.3d at 427-28, we need not decide this issue because Nasir requires that we vacate this conviction based upon the absence of trial evidence upon which a juror could conclude that Hill knew he was a felon. See 2020 WL 7041357, at *18 ("[O]ur analysis of Nasir's claim of plain error [is] confined to the trial record and the evidence the government actually presented to the jury."). Indeed, if the trial record provided evidence from which a reasonable juror could have found that Hill knew he was a felon, vacatur would not have been required.

## III

For the foregoing reasons, we will vacate Hill's conviction and remand for a new trial.